OLIVER T. CARR MANAGEMENT,
INC., Appellant,

v.

NATIONAL DELICATESSEN, INC., t/a
Loeb's Restaurant, Appellee.

No. 13920.

District of Columbia Court of Appeals.

Argued Dec. 7, 1978.

Decided Jan. 11, 1979.

Frank H. Strickler, Washington, D.C., with whom Jacqueline M. Saue, Washington, D.C. and John J. Brennan, III, were on the brief, for appellant.

John W. Karr and Mona Lyons, Washington, D.C., for appellee.

Before KELLY, KERN and MACK, Associate Judges.

PER CURIAM:

This is an appeal from an order by the trial court dismissing appellant's suit for possession in a Landlord and Tenant action because the notice to quit appellant gave to appellee had been insufficient. There is no dispute concerning the material facts. In November 1976, the Cafritz Company (Cafritz) and National Delicatessen, Inc. (Loeb) executed a lease for a one-year term; after the expiration of this lease on October 31, 1977, Loeb continued to occupy the Albee Building and pay rent to Cafritz; in May 1978, Cafritz sold the building to appellant, Oliver T. Carr Management, Inc. (Carr), which accepted from Loeb rent for May and June, but thereafter gave Loeb 30 days' written notice to quit as of August 1, 1978; Loeb refused on that date to vacate and Carr then brought suit for possession which the trial court dismissed; and this order of dismissal is now before us on a motion by appellant Carr for summary reversal.

It is clear that when Loeb remained in the Albee Building after the expiration of the lease on October 31, 1977, and continued to pay the rent, he became by operation of the statute a tenant by sufferance. D.C. Code 1973, § 45–820; *Hampton v. Mott Motors*, D.C.Mun.App., 32 A.2d 247 (1943). The Code provides that such a tenancy may be terminated by 30 days' written notice, D.C.Code 1973, § 45–904, which all agree

Loeb received. The trial court, however, seized upon a proviso in the lease—Section 35—and concluded this section required Carr to give Loeb six months, not 30 days, written notice to vacate and accordingly dismissed Carr's possessory action for the insufficiency of its notice.

 Section 35 is, by its own terms, not applicable to the instant situation; it provided "in the event Landlord shall sell the building . . . or elect to demolish said building, Landlord and/or the purchaser (in the event of sale) shall have the irrevocable right to *terminate this lease at any time during the term hereof or any extension thereof* by giving to the Tenant . . . (180) days prior written notice . . . ." (Emphasis added.) Thus, Section 35 expressly gave to the Landlord or its purchaser, in the event of a sale, "the irrevocable right to terminate this lease" either during its term or during any extension of the term of the lease. Since the term of the lease here expired in 1977 and had never been extended, Section 35 was simply inapplicable. Moreover, we decided in *Arsenault v. Angle,* D.C.Mun.App., 43 A.2d 709, 710–11 (1945), that a tenancy by sufferance may be terminated by 30 days' notice even though the expired lease provides for a different time for notice during the term of the lease. Accordingly, the trial court's dismissal of the suit for possession in the instant case on the ground that the 30 days' notice given to Loeb was inadequate constitutes error.

 Loeb has questioned the propriety of the motion for summary reversal filed by Carr here, arguing that Carr has failed to demonstrate its need for a swift judicial determination. In so arguing, Loeb misconceives the type of showing a party must make to support such a motion. We have consistently applied the standard expressed by the federal court in this circuit in *United States v. Allen,* 133 U.S.App.D.C. 84, 85, 408 F.2d 1287, 1288 (1969), that

A party seeking summary reversal by motion has the heavy burden of demonstrating both that his remedy is proper and that the merits of his claim so clearly warrant relief as to justify expedited action. . . .

*See United States v. McKean,* D.C.App., 338 A.2d 439 (1975), and *In re DeJ.,* D.C.App., 310 A.2d 834 (1973). Although a need for expedited relief may be relevant to the appropriateness of the remedy being sought, a party seeking summary relief is not required to make a separate showing of its special need for expedited relief. To invoke our discretion to grant summary relief, it is sufficient to demonstrate, as Carr has here, that the basic facts are both uncomplicated and undisputed; and, that the trial court's ruling rests on a narrow and clear-cut issue of law, *viz.,* did the six-month's notice proviso of Section 35 of the expired lease apply to terminate the tenancy by sufferance created by Loeb remaining in possession and paying the rent?

Accordingly, the motion for summary reversal of the trial court's order is granted and the case is remanded with directions to reinstate the suit for possession.

*So ordered.*