Richard B. Nestler, Chair
Committee on Admissions
March 25, 2002

**Richard C. BARTEL, Petitioner,**

v.

**DISTRICT OF COLUMBIA BOARD OF ELECTIONS AND ETHICS, Respondent.**

**No. 02–AA–1137.**

District of Columbia Court of Appeals.

Oct. 24, 2002.

---

Richard C. Bartel, pro se.

Rudolph McGann, was on respondent's motions for expedited ruling and for summary affirmance.

Before REID and WASHINGTON, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

On August 28, 2002, the petitioner, Richard C. Bartel, a registered Independent voter, submitted unsigned nominating petition forms to the respondent District of Columbia Board of Elections and Ethics and requested that the Board place his name on the ballot as an Independent candidate "for the Office of U.S. Senator."

Mr. Bartel claimed that the relevant statute did not actually require nominating petitions for this office. The Board rejected both Mr. Bartel's position and request in a Memorandum Opinion and Order issued on October 7, 2002. This timely petition for review followed, as did the Board's motions for expedited ruling and for summary affirmance, and Mr. Bartel's opposition thereto.[1]

This case is appropriate for summary disposition since the facts are simple and undisputed, and because the law is narrow and clear-cut. *See Oliver T. Carr Mgm't, Inc. v. National Delicatessen, Inc.,* 397 A.2d 914, 915 (D.C.1979). Mr. Bartel is correct that D.C.Code § 1–1001.08(j)(1)(b) (2001) does not include "U.S. Senator" in its enumeration of those offices which require nominating petitions. However, he erroneously disregards D.C.Code § 1–123(d)(2) which requires that elections for that office follow the same electoral procedures as provided in § 1–1001.08. Mr. Bartel contends that § 1–123 does not become effective until the District of Columbia achieves statehood. That is incorrect. While the proposed constitution created under the authority of § 1–123(a) plainly cannot take effect *as a constitution* until further action is taken by Congress and by the voters of the District of Columbia, *see* D.C.Code § 1–132, it was nonetheless approved in its proposed form by the voters on November 2, 1982, and by Congress on June 24, 1987, *see id.* at § 1–123(b), and it was this approval that led to the creation of the very office which Mr. Bartel now seeks, *see id.* at § 1–123(d)(1), and the corresponding requirement that nominating petitions be submitted in order to obtain a place on the ballot as a candidate for

---

**1.** Mr. Bartel's opposition seeks affirmative relief which we cannot grant. *See* D.C.App. R. 27(a).

that office. *See id.* at § 1–123(d)(2). Since he has not submitted nominating petitions, as required by law, Mr. Bartel's name may not be placed on the ballot.

For these reasons, the respondent's motions for expedited ruling and for summary affirmance are granted.

*So ordered.*