David L. CARL, Appellant

v.

Silkya J. Irizarry TIRADO, Appellee.

No. 07–FM–1295.

District of Columbia Court of Appeals.

April 10, 2008.

---

Alan B. Soschin, Washington, DC, was on the appellant's motion for summary reversal.

Jessica E. Adler, was on the appellee's opposition and cross-motion for summary affirmance.

Before BLACKBURNE–RIGSBY and THOMPSON, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

The parties are former intimate partners who are the parents of a little boy who was born on July 3, 2007, in Bethesda, Maryland. At approximately four days old, the child was taken by his mother, appellee Silkya Tirado, to her home in Alexandria, Virginia, where he has lived with her ever since. Nine days after the boy's birth, however, on July 12, 2007, his father, appellant David Carl, filed a complaint in the D.C. Superior Court seeking joint custody. Following a hearing on November 7, 2007, the trial court granted Ms. Tirado's motion to dismiss. The court concluded that Virginia is the child's home state because he lives there with his mother, and so, further concluded that it lacked jurisdiction to entertain Mr. Carl's complaint.[1] This timely appeal followed and Mr. Carl now asks this court to reverse summarily the trial court's dismissal. Ms. Tirado has filed a timely opposition and a cross-motion for summary affirmance.

The standard for summary disposition is well-established: the movant must show that the basic facts are both uncomplicated and undisputed, and that the lower court's ruling rests on a narrow and clear-cut issue of law.[2] Mr. Carl succeeds in making this showing. In the case of a child (like his son) who is less than six months old immediately before the commencement of a custody action, the Uniform Child–Custody Act ("UCCA") defines the "home state" as being "the state in which the child has lived from birth" with a parent or person acting as a parent.[3] The UCCA requirement that the child live "from birth" in a given state has been strictly interpreted, and "several jurisdictions have decided that . . . a baby who is

---

1. Tr. of 11/7/07 at 10, attached to Mot. for Summ. Rev. as Ex. 1.

2. *Oliver T. Carr Mgm't, Inc. v. National Deli., Inc.,* 397 A.2d 914, 915 (D.C.1979).

3. D.C.Code § 16–4601.01(8) (2007 Supp.).

born in one state, but within days of birth is transported to another state[ ] . . . simply has no home state."[4] This court has not held that the UCCA applies in this manner, but it has done so with respect to the identical provision of the Parental Kidnaping Prevention Act ("PKPA").[5] In light of this, the trial court erred in ruling that Virginia was the child's home state solely because he lived there with his mother, and likewise erred in finding that it lacked jurisdiction over the joint custody request.

The relevant section of the UCCA vests the Superior Court with jurisdiction over custody decisions in cases where a child has no home state, but where he and at least one parent have significant connections with the District, and substantial evidence is available in the District concerning the child's care, protection, training, and personal relationships.[6] Here, as noted, the child has no home state, but he and his father appear to have significant connections with the District because Mr. Carl resides here, and the boy was baptized here, is cared for here every day by his father (before being returned to his mother in the evenings), and has extended family members who live here.[7] In addition, Ms. Tirado has availed herself of the District's courts for the purpose of obtaining child support.[8] Although these assertions were not before the trial court at the time the custody complaint was filed, we presume that by the time of the hearing on the motion to dismiss four months later, substantial evidence of these facts would have been submitted to the court for its consideration had it not rejected jurisdiction outright solely on the basis of its conclusion that Virginia was the boy's home state.

The problem in this case is that the question may have been mooted by the filing of a subsequent custody petition in Virginia. Fortunately, the UCCA provides the Superior Court with instructions on how to proceed in such a situation. Accordingly, we hereby grant the motion for summary reversal and remand this case to the Superior Court with directions that it reinstate the custody case and proceed in accordance with D.C.Code § 16–4602.06(b) (2007 Supp.). It is

FURTHER ORDERED that the cross-motion for summary affirmance is denied. It is

FURTHER ORDERED that the Clerk will issue the mandate forthwith.

*So ordered.*

---

4.  *See Doe v. Baby Girl*, 2008 S.C. Lexis 20, *21 (S.C. Jan. 28, 2008) (citing *In re Adoption of Zachariah K.*, 6 Cal.App.4th 1025, 8 Cal. Rptr.2d 423 (1992)); *Matter of Adoption of Baby Girl B.*, 19 Kan.App.2d 283, 867 P.2d 1074 (1994); *Matter of Adoption of Child by T.W.C.*, 270 N.J.Super. 225, 636 A.2d 1083 (App.Div.1994); *accord In re D.S.*, 217 Ill.2d 306, 298 Ill.Dec. 781, 840 N.E.2d 1216, 1221 (2005) (citing *State ex rel. R.P. v. Rosen*, 966 S.W.2d 292 (Mo.Ct.App.1998), and *Adoption*

*House, Inc. v. A.R.*, 820 A.2d 402 (Del.Fam.Ct. 2003)).

5.  *In re B.B.R.*, 566 A.2d 1032, 1038 (D.C. 1989).

6.  D.C.Code § 16–4602.01(a)(2) (2007 Supp.).

7.  Tr. of 11/7/07 at 6, 10.

8.  *Id.* at 6.