DeSean Omar WATSON, Appellant,

v.

UNITED STATES, Appellee.

No. 12–CM–871.

District of Columbia Court of Appeals.

Aug. 8, 2013.

Mindy A. Daniels, for appellant.

Elizabeth Gabriel, Assistant United States Attorney, with whom Ronald C. Machen Jr., United States Attorney, and Elizabeth Trosman and Chrisellen R. Kolb, Assistant United States Attorneys, were on the motion for summary affirmance for appellee.

Before THOMPSON and EASTERLY, Associate Judges, and NEBEKER, Senior Judge.

NEBEKER, Senior Judge:

This court granted the government's motion for summary affirmance on May 15, 2013. We held that the trial court did not err in denying appellant's motion to suppress because the police had probable cause to arrest him. Appellant subsequently filed a petition for rehearing. In light of the arguments made in his petition, we take the opportunity to clarify our standard for granting summary disposition

and address appellant's argument that he received disparate treatment by having his case disposed of through summary affirmance.

The standard of review for summary disposition was first established in *Oliver T. Carr Mgmt., Inc. v. National Delicatessen, Inc.,* 397 A.2d 914 (D.C.1979), where the court rejected an argument that a movant must show a special need for expedited relief. Instead, the court held that "[t]o invoke our discretion to grant summary relief, it is sufficient to demonstrate ... that the basic facts are both uncomplicated and undisputed; and, that the trial court's ruling rests on a narrow and clear-cut issue of law." *Id.* In subsequent cases, the court has made clear that this standard for summary disposition is well-established. *See Carl v. Tirado,* 945 A.2d 1208, 1209 (D.C.2008) ("The standard for summary disposition is well-established: the movant must show that the basic facts are both uncomplicated and undisputed, and that the lower court's ruling rests on a narrow and clear-cut issue of law."). *See also District of Columbia Metro. Police Dep't v. Fraternal Order of Police/Metro. Police Dep't Labor Comm.,* 997 A.2d 65, 70 (D.C.2010); *Bartel v. District of Columbia Bd. of Elections & Ethics,* 808 A.2d 1240, 1241 (D.C.2002); *Jackson v. District of Columbia Bd. of Elections & Ethics,* 770 A.2d 79, 80 (D.C.2001). Although *Oliver T. Carr* and its progeny were civil and administrative cases, this court has consistently applied the standard to criminal cases, such as the present case.[1] Thus, this court's grant of summary affirmance was appropriate as long as the basic facts were uncomplicated and the trial court's ruling rested on a narrow and clear-cut issue of law.[2]

■ However, appellant primarily challenges the grant of summary affirmance, not on the grounds that the basic facts were complicated or that the trial court's ruling does not rest on a narrow and clear-cut issue of law, but rather on the grounds that the granting of a motion for summary affirmance is an extraordinary remedy that subjected him to disparate treatment. This argument is unavailing. First, as provided in *Oliver T. Carr,* the granting of summary disposition is not an extraordinary remedy. Instead, it is an essential part of this court's system of case management that allows the court to manage its very large case load.

■ Second, to the extent appellant raises a constitutional Due Process argument that he was treated unequally by having his case decided by a motions panel rather than a merits panel, his argument must also fail. It is well settled that it is within the powers of the court to promulgate procedural rules which allow it to manage its case load. *See Thomas v. Arn,* 474 U.S. 140, 146–47, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ("It cannot be doubted that the courts of appeals have supervisory powers that permit, at the least, the promulgation of procedural rules governing the management of litigation."). Therefore, just as appellants do not have a constitutional right to oral argument because

---

1. Appellant's argument that the court granted summary affirmance on the grounds that his case was frivolous is incorrect. The case relied on for this proposition, *Coleman v. United States,* 414 A.2d 528 (D.C.1980), is not cited in the Judgment, and thus not relied upon.

2. Our standard of review is also an important factor. For example, if we are required to view the record in the light most favorable to the judgment under review, or if that ruling rests on credibility determinations, or on findings of fact that must be upheld unless clearly erroneous, the case may be appropriate for summary disposition, when accompanied by a narrow and clear-cut issue of law.

"there are cases in which it is reasonably certain from the record and the briefs of the parties that no useful purpose would be served by devoting the court's time and that of both prosecution and defense counsel to an oral hearing," *United States v. Baber*, 447 F.2d 1267, 1271 (D.C.Cir.1971), appellants do not have a right to disposition by a formally calendared merits panel. *See* Internal Operating Procedures IV(A)(1) ("A Motions Division ... has responsibility ... to [d]ispose expeditiously of all substantive motions...."); (C) ("The Motions Division will act by three members on all substantive motions...."); (D) ("Actions by a Motions Division are exempt from the requirements ... that reversal of a judgment on appeal [ordinarily] may be accomplished only by a[n] ... opinion circulated to the full court in advance of release, but the basis for any such reversal will be set forth in the judgment or order of reversal."); (E) ("Every dispositive ruling by a Motion Division will contain an explanation for the ruling which may be brief and consist of citation to governing authority."), available at http://www.dccourts.gov/ internet/documents/IOPs.pdf.

Instead, so long as a movant demonstrates that the basic facts were uncomplicated and the trial court's ruling rested on a narrow and clear-cut issue of law, this court may dispose of the case through summary disposition. Here, because the issue of whether the trial court erred in denying appellant's motion to suppress was narrow and clear-cut, summary affirmance was appropriate.

*So ordered.*