**MOHAMMAD MUSTAFA and EASY, EASY HOME CENTER,**
**Appellants/Defendants**

**v.**

**MANUEL CAMACHO and SUDRANE CAMACHO,**
**Appellees/Plaintiffs**

S. Ct. Civil No. 2013-0049

Supreme Court of the Virgin Islands

September 4, 2013

NATALIE NELSON TANG-HOW, ESQ., St. Croix, USVI, *Attorney for Appellants*.

JEFFREY B.C. MOORHEAD, ESQ., St. Croix, USVI, *Attorney for Appellees*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(September 4, 2013)

PER CURIAM. This matter comes before the Court on Appellees' "Motion to Dismiss," which this Court construes as a Motion for Summary Action. *See* V.I.S.CT. I.O.P. 9.4. In their motion, Appellees contend that Appellants had no right for the Appellate Division of the Superior Court to consider their appeal of a decision rendered by the Magistrate Division of the Superior Court because they failed to pay the

$50.00 docketing fee or move to proceed *in forma pauperis*. We agree, and consequently vacate the Appellate Division's June 14, 2013 Order.

## I. BACKGROUND

On April 3, 2013, Appellees filed a forcible entry and detainer complaint against Appellants, docketed as Super. Ct. Civ. No. 099/2013 (STX), and on April 9, 2013, also initiated a small claims action, docketed as Super. Ct. SM. No. 131/2013 (STX). Both matters were docketed in the Magistrate Division, *see* V.I. CODE ANN. tit. 4, § 123(a)(4), (6), and assigned to the same magistrate. The magistrate scheduled both complaints for a hearing on April 24, 2013; however, several days before the hearing, Appellants moved for the magistrate's recusal. The magistrate, in an April 22, 2013 Order, denied the recusal request, and re-affirmed the April 24, 2013 hearing date. When Appellants failed to appear at the April 24, 2013 hearing, the magistrate entered a default judgment against them in both cases.

On May 9, 2013, Appellants filed a document captioned "Request to Vacate or Set Aside Judgment by Default and Judgment of Restitution by Default," which the Clerk of the Superior Court construed as an appeal of the April 24, 2013 Default Judgments from the Magistrate Division to the Appellate Division. *See* SUPER. CT. R. 322.1(b)(1)(B) ("[T]he Clerk shall accept any paper or notice filed after the decision of a magistrate and shall deem the same to be a petition for review, despite its form, title, or its informality, so long as the substance evidences an intent to appeal a magistrate decision."). The next day, the Clerk of the Superior Court advised Appellants, by letter, of all pertinent deadlines, including the deadline to pay the $50.00 docketing fee. *See* SUPER. CT. R. 322.1(b)(4)(A) ("All petitions for review . . . must be accompanied by a filing fee of Fifty Dollars ($50.00) . . . . If a petition for review is docketed without prepayment of the applicable fee, the petitioner shall pay the fee within five (5) days after docketing of the petition."). Appellants never paid the docketing fee; instead, they filed an emergency motion to stay the April 24, 2013 Default Judgments.

The Appellate Division, in a June 14, 2013 Order, recognized that Appellants neither paid the $50.00 docketing fee nor filed a motion to proceed *in forma pauperis* (IFP) under Superior Court Rule 322.1(b)(4)(B), and that the deadline for them to do so had lapsed. The judge acknowledged that Superior Court Rule 322.1 provides that "[n]o

568

review may be submitted to a judge for consideration, or decided, unless payment of the filing fee is made in accordance with these rules," SUPER. CT. R. 322.1(b)(4), and that "[i]n the event the petitioner fails to submit payment within the time set forth in these rules, and has not filed a motion and appropriate supporting documents to proceed IFP, the petition for review may be dismissed for failure to prosecute, without further notice to the petitioner." SUPER. CT. R. 322.1(b)(4)(A). While recognizing that "this matter is ripe for administrative dismissal . . . and indeed should have been dismissed for failure to prosecute *vis-à-vis* for failure to complete the filing procedure," the Appellate Division nevertheless stated that it "will exercise its discretion and *sua sponte* review [the Magistrate Division's] decisions." *Camacho v. Mustafa*, Super. Ct. Civ. No. 099/2013 (STX), Super. Ct. SM. No. 131/2013 (STX), slip op. at 2 (V.I. Super. Ct. June 14, 2013). Without the benefit of any briefing by the parties, the Appellate Division proceeded to affirm, on the merits, the April 22, 2013 Order denying the request for recusal, as well as the April 24, 2013 Default Judgments.

Appellants timely appealed the June 14, 2013 Order to this Court on July 11, 2013. On August 14, 2013, Appellees filed their "Motion to Dismiss," arguing, among other things,[1] that Appellants possess no right to appeal the June 14, 2013 Order to this Court because the Appellate Division should never have reviewed the Magistrate Division's decisions in the first place, due to Appellants' failure to pay the $50.00 filing fee. Although the time to respond to Appellees' motion has lapsed, *see* V.I.S.CT.R. 21(a), Appellants have not filed an opposition.

## II. DISCUSSION

We have jurisdiction over this civil appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). An order by a Superior Court judge

---

[1] In their motion, Appellees also argue that Appellants filed an untimely appeal of the Magistrate Division's decisions, based on the premise that they did not file their appeal until June 7, 2013. However, the record reflects that the Clerk of the Superior Court considered Appellants' May 9, 2013 Request to Vacate as sufficient to appeal the April 24, 2013 Default Judgments and the earlier April 22, 2013 Order denying the request for recusal.

adjudicating an appeal from a judgment entered by a Superior Court magistrate is a final appealable order under section 32(a). *Lehtonen v. Payne*, 57 V.I. 308, 312 (V.I. 2012); *H & H Avionics, Inc. v. V.I. Port. Auth.*, 52 V.I. 458, 461-63 (V.I. 2009). This Court exercises plenary review over questions of law, including whether the Superior Court has properly applied or interpreted Superior Court Rule 322 and other court rules. *Henry v. Dennery*, S. Ct. Civ. No. 2012-0130, 2013 V.I. Supreme LEXIS 4, *4 (V.I. Jan. 11, 2013) (unpublished).

■ This Court may summarily affirm, reverse, vacate, or otherwise modify a Superior Court decision without full briefing and oral argument "if it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action," provided that the parties receive "an opportunity to submit argument in support of or in opposition to such disposition . . . ." V.I.S.CT. I.O.P. 9.4. In other words, "[t]o invoke our discretion to grant summary relief, it is sufficient to demonstrate ·. . . that the basic facts are both uncomplicated and undisputed; and, that the trial court's ruling rests on a narrow and clear-cut issue of law." *Oliver T. Carr Mgmt., Inc. v. National Delicatessen, Inc.*, 397 A.2d 914, 915 (D.C. 1979). "[T]he granting of summary disposition is not an extraordinary remedy"; rather, "it is an essential part of [a] court's system of case management that allows the court to manage its very large case load." *Watson v. United States*, 73 A.3d 130, 131-32 (D.C. Aug. 8, 2013).

■ We agree with Appellees that the instant appeal qualifies for summary action, in that the Appellate Division's decision "rested on a narrow and clear-cut issue of law." 73 A.3d at 132. The plain, unambiguous language of Superior Court Rule 322.1 provides that "[n]o review may be submitted to a judge for consideration, or decided, unless payment of the filing fee is made in accordance with these rules." SUPER. CT. R. 322.1(b)(4). Moreover, Rule 322.1 requires payment of the docketing fee or the filing of a motion to proceed *in forma pauperis* within five days of the date an appeal is docketed, and provides that the appeal "be dismissed . . . without further notice" if this does not occur. · SUPER. CT. R. 322.1(b)(4)(A). Since the Appellate Division acknowledged that Appellants failed to timely pay the docketing fee or move to proceed *in forma pauperis*, and even expressly held that the matter "indeed should have been dismissed for failure to prosecute," it committed error by nevertheless reviewing the Magistrate Division's

decisions on the merits.[2] Accordingly, we vacate the June 14, 2013 Order affirming the April 24, 2013 Default Judgments and April 22, 2013 Order, and direct the Appellate Division, on remand, to simply dismiss Appellants' appeal for failure to pay the docketing fee pursuant to Rule 322.1(b)(4)(A).[3]

## III. CONCLUSION

For the foregoing reasons, we vacate the June 14, 2013 Order, and remand the case to the Appellate Division to dismiss Appellants' appeal as required by Rule 322.1(b)(4)(A).

---

[2] We recognize that the $50.00 filing fee established by Superior Court Rule 322.1 does not codify a jurisdictional requirement, but represents a mandatory claims-processing rule that is potentially subject to waiver. However, since Appellees were never placed on notice that the Appellate Division intended to disregard Rule 322.1(b)(4) and consider Appellants' appeal on the merits notwithstanding their failure to pay, we do not find any waiver in this case. Moreover, it is well-established that courts may invoke claims-processing rules *sua sponte* if the "rule implicates judicial interests beyond those of the parties." *United States v. Mitchell*, 518 F.3d 740, 750 (10th Cir. 2008). *See also Long v. Atlantic City Police Dep't*, 670 F.3d 436, 445 n.18 (3d Cir. 2012) ("[G]iven the administrative and institutional interests in enforcing appellate deadlines . . . a persuasive argument can be made that *sua sponte* dismissal [for failure to prosecute] should be the rule rather than the exception."). Unquestionably, a party's failure to pay a filing fee required by law implicates interests beyond those of the parties.

[3] In its June 14, 2013 Order, the Appellate Division cited Superior Court Rule 322.1(b) for the proposition that it could *sua sponte* review the correctness of a judgment entered by the Magistrate Division even in the absence of an appeal by one of the parties. While section 123(c) of title 4 arguably authorizes a Superior Court judge to *sua sponte* reconsider "any pretrial matter handled by [a] magistrate" pursuant to section 123(b), we question whether Virgin Islands law permits a judge to *sua sponte* review a judgment entered by the Magistrate Division pursuant to its original jurisdiction under section 123(a). In any case, it is clear that the language in Superior Court Rule 322.1(b)(4), providing that "[n]o review may be submitted to a judge for consideration, or decided, unless payment of the filing fee is made in accordance with these rules," precludes a judge from, in effect, excusing a party who has already taken an appeal from paying the filing fee simply by invoking *sua sponte* review. Moreover, even if a judge could convert a procedurally defective appeal brought by a party into a *sua sponte* review — which we do not hold — we would still vacate the June 14, 2013 Order because the judge acted in derogation of Rule 322.1 and violated the parties' due process rights by adjudicating the merits without either (1) providing the parties with an opportunity to file briefs or otherwise be heard, or (2) advising the parties, in advance, that the matter would be resolved based on the existing record without further briefing. *Browne v. Gore*, 57 V.I. 445, 451 (V.I. 2012).