**SCOTT FULLER, Appellant/Defendant**
**v.**
**JOHN A. BROWNE, Appellee/Plaintiff**

S. Ct. Civil No. 2013-0034
Supreme Court of the Virgin Islands
October 24, 2013

SHARI N. D'ANDRADE, ESQ., Kellerhals Ferguson Fletcher Kroblin PLLC, St. Thomas, USVI, *Attorney for Appellant*.[1]

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(October 24, 2013)

HODGE, *Chief Justice*. Appellant Scott Fuller appeals from a March 26, 2013 Order entered by the Appellate Division of the Superior Court, which denied his motion to set aside its earlier September 6, 2011 Order dismissing for failure to prosecute, his appeal of the Magistrate Division's April 18, 2011 Default Judgment. For the reasons that follow, we reverse the March 26, 2013 Order, vacate the September 6, 2011 Order, and

---

[1] Although he appeared in the Superior Court proceedings, Appellee John A. Browne has not filed an appellate brief or otherwise participated in this appeal.

remand the case to the Appellate Division so that it may consider Fuller's appeal on the merits.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2011, John A. Browne, a professional plumber, filed a small claims complaint against Fuller, which alleged that Fuller retained Browne's services to assist in constructing a new home on St. Thomas for $32,500, made a partial payment of $15,700, and then terminated him after the work had been substantially completed without paying the balance of the sum due. (J.A. 141.) The matter was assigned to the Magistrate Division of the Superior Court, see 4 V.I.C. § 123(a)(4), and on February 2, 2011, the Clerk of the Superior Court notified the parties that the case would proceed to trial on March 1, 2011. Fuller, who was required to proceed pro se, failed to appear at the March 1, 2011 trial. After concluding that Fuller had been duly served, the magistrate entered his default onto the record, (J.A. 153), and proceeded to receive testimony and evidence from Browne. Once Browne presented his case, the magistrate stated that he would take the matter under advisement and issue a judgment shortly. (J.A. 174.)

On March 3, 2011, Fuller — a resident of New Hampshire — emailed the Superior Court Clerk's Office, noting that he had previously sent a letter indicating his unavailability to attend the March 1, 2011 trial, and stated that he would be available to participate in trial anytime except the week of March 14, 2011. (J.A. 6.) On March 4, 2011, the Clerk of the Superior Court received that letter, dated February 17, 2011, in which Fuller requested a continuance of the March 1, 2011 trial because he "do[es] not live on St. Thomas and already ha[s] commitments for that week" that prevented him from traveling to attend court. (J.A. 3.) On April 18, 2011, the magistrate acknowledged the correspondence, and noted that Fuller's letter, despite its receipt on March 4, 2011, had actually been "mailed by express mail on February 18, 2011, and delivered to the St. Thomas Post Office on February 22, 2011." (J.A. 14.) Nevertheless, the magistrate — without addressing Fuller's correspondence other than

acknowledging its existence — issued a judgment finding Fuller liable for breach of contract, and directing him to pay $10,000.[2]

Approximately one month later, on May 19, 2011, Fuller appealed the April 18, 2011 Judgment to the Appellate Division of the Superior Court, and paid the required filing fee on May 23, 2011. On May 31, 2011, the Clerk of the Superior Court issued a letter, served by certified mail, informing Fuller that he was required to immediately request a transcript, and informed both parties of the applicable briefing deadlines. The letter noted that "[f]ailure . . . to adhere to the deadlines may result in dismissal of [the appeal] for failure to prosecute." (J.A. 177.) Although the Clerk of the Superior Court received confirmation on June 21, 2011, that Fuller had received the certified letter, the certified docket sheet does not reflect that he filed a transcript request form with the Superior Court. Browne, however, filed a brief notwithstanding the absence of a transcript.

On September 6, 2011, the Appellate Division, acting *sua sponte*, dismissed Fuller's appeal, with prejudice, for failure to prosecute. The September 6, 2011 Order, however, did not clearly specify what grounds constituted the failure to prosecute. Rather, the Appellate Division simply invoked Superior Court Rule 322.1 for the general propositions that (1) an appeal must be filed within ten days of the Magistrate Division decision, (2) the notice of appeal must contain proof of service, (3) the docketing fee must be timely paid, and (4) the party taking the appeal must request and pay for the transcript of the underlying proceeding, and concluded that "[Fuller] has not met the requisites to prosecute this appeal." (J.A. 27.)

Counsel entered an appearance for Fuller on September 19, 2011, and on the same day filed a document captioned "Motion for Extension of Time & Reconsideration of Order of Dismissal." In his motion, Fuller noted that — contrary to the apparent findings in the September 6, 2011 Order — his notice of appeal contained a certificate of service, and he had timely paid the docketing fee. (J.A. 31.) Fuller also represented that on June 11, 2011, he had mailed a transcript request form to the Clerk of the

---

[2] Although the magistrate noted that Browne was entitled to $16,800, minus the costs of labor and unpurchased materials for the remaining unperformed work, the magistrate only awarded a $10,000 recovery because, by filing a small claims complaint, Browne elected to waive any recovery greater than the jurisdictional limit for small claims cases. *See* 4 V.I.C. § 112(b).

Superior Court, and believed that the form had been received and that the court reporter had been preparing the transcript. However, upon receiving the September 6, 2011 Order, Fuller, through his counsel, had contacted the Clerk's Office, and discovered that the previously submitted form had been deficient and could not be processed, which resulted in counsel submitting a revised form on September 14, 2011. Moreover, to the extent the September 6, 2011 Order dismissed his appeal as untimely rather than for failure to prosecute, Fuller argued that the untimely filing should be excused because he lives off-island and mail delays made it impossible for him to appeal the April 18, 2011 Default Judgment within ten days of its issuance, and that in any event Browne had not been prejudiced by the untimely filing. (J.A. 30.) Ultimately, the court reporter completed the transcript on October 4, 2011, and Fuller filed his brief on October 17, 2011.

Some 18 months later, the Appellate Division finally issued a ruling on Fuller's September 19, 2011 motion. In its March 26, 2013 Order, the Appellate Division stated that it would excuse the untimely filing of Fuller's notice of appeal because the delay in serving him with the April 18, 2011 Judgment rendered it impractical for him to file an appeal within ten days. Nevertheless, the Appellate Division declined to set aside the September 6, 2011 dismissal because "[t]here is no evidence that a transcript request form was filed by Fuller prior to the Court's dismissal Order," and "the evidence Fuller provided . . . is insufficient" because it "is a partially completed transcript request form and without a date and time stamp by this Court." (J.A. 42.) Fuller timely filed his notice of appeal on April 24, 2013.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has jurisdiction over this civil appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). An order by a Superior Court judge adjudicating an appeal from a judgment entered by a Superior Court magistrate is a final appealable order under section 32(a). *Lehtonen v. Payne*, 57 V.I. 308, 312 (V.I. 2012); *H & H Avionics, Inc. v. V.I. Port Auth.*, 52 V.I. 458, 461-63 (V.I. 2009).

This Court exercises plenary review over questions of law, including whether the Superior Court has properly applied or interpreted Superior Court Rule 322 and other court rules. *Henry v. Dennery*, S. Ct. Civ. No. 2012-0130, 2013 V.I. Supreme LEXIS 4, \*4 (V.I. Jan. 11, 2013) (unpublished). However, when hearing a small claims appeal, "this Court also considers whether the Superior Court 'conduct[ed] the trial in such a manner as to do substantial justice between the parties according to the rules of substantive law . . . .' " *Mill Harbour Condo. Ass'n v. Marshall*, 53 V.I. 581, 584 (V.I. 2010) (quoting *Gore v. Tilden*, 50 V.I. 233, 236 (V.I. 2008)).

## B. Reinstatement of Fuller's Appeal is Warranted

In his appellate brief, Fuller, apparently uncertain as to what legal authority governed his September 19, 2011 motion, analyzes the March 26, 2013 Order pursuant to numerous federal court rules — including Local Rule of Civil Procedure 7.3 and Federal Rules of Civil Procedure 59(e), 60, and 61 — as well as under the six-factor test first set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), and adopted by this Court in *Halliday v. Footlocker Specialty, Inc.*, 53 V.I. 505, 510-13 (V.I. 2010), which applies to dismissals pursuant to Federal Rules of Civil Procedure 37(b) and 41(b). *See Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013). According to Fuller, these federal authorities apply to this proceeding through Superior Court Rule 7. (Appellant's Br. 12 n.2.) However, as this Court has repeatedly emphasized, "[w]hen a Superior Court rule governs the same subject matter as a federal rule, . . . the federal rule cannot apply to Superior Court proceedings pursuant to Superior Court Rule 7 because application of the federal rule would render the Superior Court rule 'wholly superfluous.' " *Chciuk-Davis v. People*, 57 V.I. 317, 324-25 (V.I. 2012) (citing *Corraspe v. People*, 53 V.I. 470, 482 (V.I. 2010)). Unquestionably, Fuller's September 19, 2011 motion arose under Superior Court Rule 322.5(b)(2), which authorizes the Appellate Division to "consider a motion to set aside a dismissal order and to reopen a matter that is dismissed . . . . upon a showing of good cause or excusable neglect."[3]

---

[3] Although Superior Court Rule 322.5(b)(2) provides that such a motion should be filed within five days of the entry of the dismissal order, the five-day filing period represents a non-jurisdictional claims processing rule that is subject to waiver or judicial modification.

■ Applying this standard, we conclude that the Appellate Division erred when it denied Fuller's motion to set aside the September 6, 2011 Order. "Excusable neglect" and "good cause" are essentially synonyms, *see Beachside Assocs., LLC v. Fishman*, 53 V.I. 700, 713 (V.I. 2010), and "the determination of excusable neglect 'is at bottom an equitable one,' " where the court "should take into account 'all relevant circumstances surrounding [the] omission . . . includ[ing] . . . the danger of prejudice [to the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.' " *Brown v. People*, 49 V.I. 378, 383 (V.I. 2008) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). Rather than analyze any of these factors on the record, the Appellate Division essentially applied a *per se* rule that failure to timely to file a transcript request form requires dismissal, and rejected Fuller's claim that he timely filed this form on the grounds that it lacked a Superior Court date stamp.

■ As a threshold matter, the Appellate Division erred to the extent it believed it was mandated to dismiss Fuller's appeal, without further notice, simply because a transcript request form had not been timely filed. Although Superior Court Rule 322.1(h)(2)(B) provides that "[f]ailure to request the transcript and submit evidence of payment therefor . . . *shall* be cause for dismissal . . . for failure to prosecute, without any further notice," (emphasis added), this provision conflicts with Superior Court Rule 322.5(b)(2), which provides that, "[w]hen a[n appellant] fails to comply with the rules of this court, the Clerk of the Superior Court *may* issue written notice of the deficiency . . . that upon expiration of ten (10) days from the date of the notice, the [appeal] *may* be dismissed for failure to prosecute." (Emphases added). Importantly, the Clerk of the Superior Court's May 31, 2011 letter, which provided that "[f]ailure . . . to adhere

---

*See Bryan v. Gov't of the V.I.*, 56 V.I. 451, 455-56 (V.I. 2012) (collecting cases). Since Browne did not move to strike the September 19, 2011 motion as untimely in the one and one-half years it remained pending, and the Appellate Division exercised its discretion to adjudicate the motion on the merits, Fuller's failure to comply with the five-day filing deadline has been excused. *Cf. Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 475-76 (6th Cir. 2007) (reviewing motion under Federal Rule of Civil Procedure 59(e), and not Federal Rule of Civil Procedure 60(b), because opposing party did not object, at trial level, to timeliness of Rule 59(e) motion).

to the deadlines *may* result in dismissal . . . for failure to prosecute," (J.A. 177 (emphasis added)), is more consistent with the Rule 322.5(b)(2) procedure. And given that Superior Court Rule 322.1(h)(2)(C) authorizes the Appellate Division to waive the transcript requirement and determine the matter "based on the case record, the nature of the case, and the state of applicable law," it is not clear how this provision can ever be invoked if an appeal must be dismissed, without notice, every time an appellant fails to file a transcript request form and make financial arrangements within ten days of initiating an appeal. Thus, we conclude that Rule 322.5(b)(2) modifies Rule 322.1(h)(2)(B), and that the Appellate Division therefore committed error by *sua sponte* dismissing Fuller's appeal without first providing him with an opportunity to remedy the deficiency.

 Moreover, even if the Appellate Division could permissibly invoke Rule 322.1(h)(2)(B) to *sua sponte* dismiss his appeal, Fuller clearly established good cause to set aside the September 6, 2011 Order. The record contains absolutely no evidence that Browne had been prejudiced by the slight three-month delay. Since a stay pending appeal had never been ordered, nothing prevented Browne from executing the April 18, 2011 Default Judgment in the interim. Moreover, the record reflects that Browne elected to file his brief without the benefit of a transcript and did not oppose Fuller's September 19, 2011 motion. And unlike the requirement that an appellant pay the required docketing fee, the timely filing of a transcript request form will rarely "implicate[] judicial interests beyond those of the parties."[4] *Mustafa v. Camacho*, S.

---

[4] As noted above, Superior Court Rule 322.1(h)(2)(C) permits the Appellate Division to proceed without a transcript. Even the most cursory review of the docket, including the April 18, 2011 Default Judgment itself, reveals that the main issue on appeal would be the propriety of the Magistrate Division issuing the April 18, 2011 Default Judgment in light of the magistrate's acknowledgement that Fuller mailed a request to continue the March 1, 2011 trial on February 18, 2011, and that the letter arrived at the St. Thomas Post Office on February 22, 2011, but for whatever reason was not processed by the Clerk of the Superior Court until March 4, 2011. Given that Fuller's request for a continuance was not received until three days after trial, it is not clear why the transcript of the March 1, 2011 trial would be necessary to determine whether the Magistrate Division committed error by issuing the April 18, 2011 Default Judgment notwithstanding the subsequent receipt of Fuller's request for a continuance. And to the extent the parties' briefs or a more thorough review of the record reveal that the transcript is necessary, the Appellate Division could, at that point, summarily affirm the Magistrate Division based on the lack of the transcript. *Thomas v. Cannonier*, S. Ct. Civ. No. 2007-0042, 2009 V.I. Supreme LEXIS 33, at *4 (V.I. Apr. 7, 2009) (unpublished). Importantly, the brief Fuller filed with the Appellate Division on October 17, 2011, identifies the

Ct. Civ. No. 2013-0049, 2013 V.I. Supreme LEXIS 47, *8 n.2 (V.I. Sept. 4, 2013) (quoting *United States v. Mitchell*, 518 F.3d 740, 750 (10th Cir. 2008)). Perhaps most importantly, considering Fuller's appeal on the merits would not have resulted in any unnecessary delay; by the time the Appellate Division issued its March 26, 2013 Order, the transcript had been completed on October 4, 2011, and both parties had already filed their merits briefs, meaning that the appeal had been ripe for disposition for approximately a year and a half. Additionally, the very same reasons that led to the Appellate Division accepting Fuller's untimely appeal — the documented delays in mail service between the Virgin Islands and his home in New Hampshire — established an explanation for the delay beyond Fuller's control. Of course, the fact that Fuller complied with all other procedural requirements prior to dismissal — including service and payment of the docketing fee — and filed a compliant transcript request form on September 14, 2011, approximately one week after the Appellate Division issued its September 6, 2011 Order, constitutes strong evidence that he acted in good faith. And while the Appellate Division rejected, out of hand, Fuller's argument that he had mailed a transcript request form on June 11, 2011, because the document he claimed to have mailed lacked a Superior Court date stamp, the Appellate Division gave disproportionate weight to this factor, given (1) that Fuller mailed the document, rather than filing it in-person, and thus any copy of the document in his possession would naturally lack a date stamp, and (2) Fuller's allegation that the Clerk's Office never docketed his document because it believed it was deficient. Last, while certainly not least, we reiterate our longstanding instructions "that the preference is to decide cases on their merits, that any doubts should be resolved in favor of this preference, and that the goal of the Small Claims Division is to deliver substantial justice." *Spencer v. Navarro*, S. Ct. Civ. No. 2007-0069, 2009 V.I. Supreme LEXIS 25, at *9 (V.I. Apr. 8, 2009) (unpublished).

For the foregoing reasons, we conclude that Fuller established good cause for setting aside the September 6, 2011 Order and allowing his appeal to proceed to an adjudication on the merits. Therefore, we reverse the March 26, 2013 Order, vacate the September 6, 2011 Order, and direct the Appellate Division to adjudicate Fuller's appeal on the merits.

---

continuance issue as the first of two issues on appeal, and briefs that issue without citing to any portion of the March 1, 2011 trial transcript.

## III. CONCLUSION

Since Superior Court Rules 322.1(h)(2)(B) and 322.5(b)(2) establish different procedures, and the Clerk of the Superior Court's May 31, 2011 letter invoked the Rule 322.5(b)(2) procedure, the Appellate Division erred when it *sua sponte* dismissed Fuller's appeal without further notice. In any case, the overwhelming, uncontradicted evidence in the record indicates that Fuller met his burden of demonstrating good cause or excusable neglect for setting aside the September 6, 2011 Order. Accordingly, we reverse the March 26, 2013 Order, vacate the September 6, 2011 Order, and remand this matter to the Appellate Division so that it may consider Fuller's appeal of the April 18, 2011 Default Judgment on the merits.