**DELROY SWEENEY, Appellant/Plaintiff**

**v.**

**DR. S. RICHARD OMBRES, Appellee/Defendant**

S. Ct. Civil No. 2013-0068

Supreme Court of the Virgin Islands

January 10, 2014

LEE J. ROHN, ESQ., Law Offices of Lee J. Rohn and Associates, St. Croix, USVI, *Attorney for Appellant.*

WILFREDO A. GEIGEL, ESQ., Law Offices of Wilfredo A. Geigel, St. Croix, USVI, *Attorney for Appellee*[1].

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(January 10, 2014)

PER CURIAM. This matter comes before the Court pursuant to Appellant Delroy Sweeney's appeal of the Superior Court's August 23,

---

[1] On November 5, 2013, Wilfredo A. Geigel, Esq. filed a motion with this Court for permission to appear as amicus curiae, based on the belief that he could no longer represent Appellee S. Richard Ombres after his death. This Court, in a November 20, 2013 Order, granted the

2013 Order, which dismissed his claims against Appellee S. Richard Ombres. Since the Superior Court erroneously applied a federal procedural rule to the exclusion of a local Virgin Islands statute, we summarily reverse and remand the case to the Superior Court for further proceedings. *See* V.I.S.CT. I.O.P. 9.4.

## I. BACKGROUND

On May 14, 2012, Sweeney sued Ombres, a doctor, for medical malpractice. While Sweeney's lawsuit remained pending, Ombres died on November 23, 2012. On December 12, 2012, Ombres's counsel, Wilfredo Geigel, Esq., notified the Superior Court of Ombres's passing. Thereafter, the matter remained largely dormant until July 29, 2013, when Geigel filed a motion to dismiss Sweeney's complaint pursuant to Federal Rule of Civil Procedure 25. The motion, consisting of only a single substantive paragraph, cited to no legal authority other than Federal Rule 25, and simply stated that dismissal was mandatory because Sweeney failed to file a motion for substitution of party within 90 days after Geigel's December 12, 2012 filing. On August 14, 2013, Sweeney opposed the motion on grounds that Geigel's December 12, 2012 and July 29, 2013 filings were defective because Ombres's death purportedly terminated his attorney-client relationship with Geigel and rendered Geigel without authority to file those documents.

The Superior Court, in an August 23, 2013 Order, granted the July 29, 2013 motion to dismiss. Without expressly addressing Sweeney's argument that Geigel's filings were improperly before it, the Superior Court held that Federal Rule of Civil Procedure 25 applies to proceedings in the Superior Court by virtue of Superior Court Rule 7, and that dismissal was required since neither party filed a motion for substitution within 90 days after the notice of Ombres's death. Sweeney timely filed his notice of appeal on August 29, 2013.

---

unopposed motion, largely based on Geigel's representations that in his brief he would "function as a third party neutral and . . . provide information which may be helpful to the Court." (Mot. 1.). However, because, contrary to his representations, Geigel has not appeared as a traditional amicus curiae, but has set forth arguments specifically calculated to affirm the dismissal of the underlying claims against Ombres, this Court deems him to have filed an Appellee's Brief in this matter.

## II. DISCUSSION

We have jurisdiction over this civil appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a).

■ "This Court may summarily affirm, reverse, vacate, or otherwise modify a Superior Court decision without full briefing and oral argument 'if it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action,' provided that the parties receive 'an opportunity to submit argument in support of or in opposition to such disposition. . . .' " *Mustafa v. Camacho*, 59 V.I. 566, 570 (V.I. 2013) (quoting V.I.S.Ct. I.O.P. 9.4). "In other words, '[t]o invoke our discretion to grant summary relief, it is sufficient to demonstrate . . . that the basic facts are both uncomplicated and undisputed; and, that the trial court's ruling rests on a narrow and clear-cut issue of law.' " *Id.* (quoting *Oliver T. Carr Mgmt., Inc. v. National Delicatessen, Inc.*, 397 A.2d 914, 915 (D.C. 1979)). "[T]he granting of summary disposition is not an extraordinary remedy," but "an essential part of [a] court's system of case management that allows the court to manage its very large case load." *Id.* (quoting *Watson v. United States*, 73 A.3d 130, 131 (D.C. 2013)). Since all parties to this appeal have filed their merits briefs, this matter is ripe for summary action. *See Brown v. Brown*, 59 V.I. 583, 587 n.1 (V.I. 2013) ("Because Appellant filed his merits brief. . . . this Court may take summary action without the need for further notice or briefing."); V.I.S.Ct. I.O.P. 9.4 ("Before taking summary action, the panel will afford the parties an opportunity to submit argument in support of or in opposition to such disposition if briefs on the merits have not already been filed.").

■ Upon reviewing the parties' briefs, we conclude that summary reversal of the August 23, 2013 Order is warranted. While Superior Court Rule 7 provides that "[t]he practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by . . . the Federal Rules of Civil Procedure," SUPER. CT. R. 7, we have repeatedly instructed that Superior Court Rule 7 does not vest litigants or the Superior Court with a license to ignore local Virgin Islands statutes and court rules and replace those

requirements with federal law. *See, e.g., Joseph v. People*, 60 V.I. 340, 348 (V.I. 2013); *Fuller v. Browne*, 59 V.I. 948, 953 (V.I. 2013); *Chciuk-Davis v. People*, 57 V.I. 317, 324-25 (V.I. 2012); *Santiago v. V.I. Housing Auth.*, 57 V.I. 256, 276 n.11 (V.I. 2012); *Terrell v. Coral World*, 55 V.I. 580, 590-91 n.12 (V.I. 2011); *Blyden v. People*, 53 V.I. 637, 659 (V.I. 2010); *Corraspe v. People*, 53 V.I. 470, 482 (V.I. 2010); *Gov't of the V.I. v. Durant*, 49 V.I. 366, 373-74 (V.I. 2008). Thus, in the Superior Court of the Virgin Islands, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of the District Court should represent rules of last resort rather than first resort, and should be invoked only when a thorough review of applicable Virgin Islands statutes, Superior Court rules, and precedents from this Court reveals the absence of any other procedure. *Accord, Preface to the First Gen. Amends to the Rules of the Super. Ct. of the U.S. Virgin Islands* ("The [Superior Court rules] are intended to reflect modern conditions and the increased judicial autonomy granted by Congress to the people of the Virgin Islands."); *Pichardo v. V.I. Comm'r of Labor*, 613 F.3d 87, 95, 53 V.I. 936 (3d Cir. 2010) (noting that new relationship between federal courts and local Virgin Islands Judiciary will allow the Virgin Islands to "begin developing indigenous jurisprudence" rather than mechanistically following federal practices) (quoting *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 362 n.3, 49 V.I. 1133 (3d Cir. 2007))).

▮▮ In this case, a Virgin Islands statute governs substitution of parties in a civil case upon death. The Legislature has decreed that

> [n]o action shall abate by the death or disability of a party or by the transfer of any interest therein, if the cause of action survives or continues. In case of the death or disability of a party, the court may *at any time within two years thereafter*, on motion, allow the action to be continued by or against his personal representatives or successor in interest.

5 V.I.C. § 78 (emphasis added). This provision differs markedly from Federal Rule of Civil Procedure 25, which provides that

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. *If the*

*motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.*

FED. R. CIV. P. 25(a)(1) (emphasis added). Significantly, this Court, in a decision rendered more than five years ago, expressly held that it is the two-year limitations period in section 78 of title 5 of the Virgin Islands Code, and not the 90-day period in Federal Rule of Civil Procedure 25, that governs substitution of deceased parties in Superior Court proceedings.[2] *Hodge v. McGowan*, 50 V.I. 296, 307-08 (V.I. 2008). Consequently, the Superior Court committed error when, contrary to our *Hodge* decision and our Superior Court Rule 7 jurisprudence, it applied Federal Rule of Civil Procedure 25 to the exclusion of section 78 of title 5.[3]

## III. CONCLUSION

For the foregoing reasons, it is clear that Sweeney possessed two years, rather than 90 days, to file, for the Superior Court's consideration, a motion to substitute Ombres for a personal representative or other successor in interest. Accordingly, we reverse the August 23, 2013 Order and remand the case to the Superior Court for further proceedings.

---

[2] Although not mentioned in the *Hodge* decision, we recognize that a "revision note" following section 78 in Title 5 of the Virgin Islands Code states that "[t]he procedure for substitution of parties is covered by Rule 25 of the Federal Rules of Civil Procedure." However, the Legislature has instructed that "[r]evision notes and other notes set out in this Code are included for the purpose of convenient reference, and do not constitute part of the law." 1 V.I.C. § 45(b). But in any event, we note that section 78 is among the original provisions of the Virgin Islands Code which went into effect on September 1, 1957, *see* 1 V.I.C. § 3, and is based on a provision found in the earlier 1921 Codes. Significantly, the version of Federal Rule of Civil Procedure 25 in effect on September 1, 1957, did not include a deadline for filing a motion for substitution; rather, the 90 day filing period did not become part of Federal Rule 25 until the July 1, 1963 amendments to the Federal Rules of Civil Procedure. *Cf. Chinnery v. People*, 55 V.I. 508, 519 n.6 (V.I. 2011). Consequently, the reference to Federal Rule 25 in the revision note to section 78 cannot in any way be construed to reduce the period for filing a motion for substitution from two years to 90 days.

[3] Given our holding that the 90-day filing period in Federal Rule of Civil Procedure 25 has no applicability to this matter, we need not address any of the other issues raised in Sweeney's appellate brief, including his claim that the documents Geigel filed after Ombres's death were nullities with no legal effect or were defective because they did not identify an appropriate successor.