*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# District of Columbia
# Court of Appeals



FEB. 8, 2018

DISTRICT OF COLUMBIA
COURT OF APPEALS

**Nos. 17-FS-934, 17-FS-935, & 17-FS-1016**

IN RE Sa.C., Ch.Y., & K.C.;
      S.C.,      Appellant.

**2015 NEG 147**
**2015 NEG 148**
**2012 NEG 138**

BEFORE:   Beckwith and Easterly, Associate Judges, and Washington, Senior Judge.

**O R D E R**
(FILED – February 8, 2018)

In this neglect case, S.C. appeals from a permanency goal change from reunification to adoption, made after an evidentiary hearing held pursuant to *In re Ta.L.*, 149 A.3d 1060 (D.C. 2016) (en banc). On consideration of the motion to dismiss or, in the alternative, motion for summary affirmance filed by the guardian *ad litem* (GAL) for the minor children; S.C.'s opposition to the GAL's motion; the District of Columbia's motion to dismiss or, in the alternative, motion for summary affirmance; S.C.'s brief and appendix; and the record on appeal; and it appearing the GAL requested a published decision on the retroactive application of *In re Ta.L.*; and it further appearing a published order will aid both lawyers and judges in handling neglect cases; it is

ORDERED that the GAL's and the District's motions to dismiss are hereby denied.

Prior to the issuance of this court's en banc decision in *In re Ta.L.*, the magistrate judge presiding over this neglect case summarily changed the permanency goals of S.C.'s three minor children from reunification to adoption. After the issuance of *In re Ta.L.*, the magistrate judge, upon S.C.'s motion, held an evidentiary hearing pursuant to *In re Ta.L.* to consider whether the permanency goal should be changed. Thereafter, the magistrate judge issued a written order

**Nos. 17-FS-934, 17-FS-935, & 17-FS-1016**

analyzing the evidence in light of the standards announced in *In re Ta.L.* and again determined that the permanency goal should be changed to adoption. S.C. filed a motion for judicial review, and the reviewing associate judge affirmed. S.C. then filed these consolidated appeals. After S.C. filed her brief, the GAL and the District moved for dismissal based on perceived errors in the magistrate judge's decision to hold what the parties and the Superior Court appear to uniformly call a "retroactive" evidentiary hearing. We hold that the magistrate judge did not err in following the procedure set forth in *In re Ta.L.* for permanency goal changes and holding such a hearing.[1]

This court has adopted the "firm rule of retroactivity," *see Davis v. Moore*, 772 A.2d 204, 230 (D.C. 2001) (en banc), which requires it to apply a new judicial decision to any case pending in the trial court or on direct appeal. As S.C.'s neglect case was still being litigated in the trial court when *In re Ta.L.* was issued, the trial court properly sought to follow *In re Ta.L.* in making its decision to change the permanency goal from reunification to adoption.[2]

Despite the GAL's and the District's arguments to the contrary, the initial adverse change in the permanency goal from reunification to adoption did not become final under *Davis* such that *In re Ta.L.* had no application to this case. The GAL and the District highlight S.C.'s failure to appeal the initial permanency goal change, but this fact has no bearing on the retroactivity analysis under *Davis*. For purposes of a retroactivity analysis, finality occurs at the time of entry of a final judgment concluding litigation in a case. *See Davis*, 772 A.2d at 226 ("[A]ll newly declared rules of law must be applied retroactively to all criminal cases pending on direct review or not yet final — 'with no exception for cases in which the new rule constitutes a 'clear break' with the past.'") (internal footnote omitted) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)); *Davis*, 772 A.2d at 226 n.20 (defining "final" as the point "in which a judgment of conviction has been

---

[1] We express no view on the merits of the decision to change the permanency goal from reunification to adoption.

[2] At the time the magistrate judge held the evidentiary hearing regarding changing the permanency goal, no proceedings had been initiated to terminate S.C.'s parental rights. We acknowledge that the termination of a parent's rights is not contingent on a permanency goal change, and we do not address what impact *In re Ta.L.* has on cases still pending in the trial court or this court where the permanency goal was changed without the requisite evidentiary hearing but the parent's rights have been terminated.

**Nos. 17-FS-934, 17-FS-935, & 17-FS-1016**

rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied") (quoting *Griffith*, 479 U.S. at 321 n.6); *see also Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.").

Similarly, the law of the case doctrine does not inform our retroactivity analysis under *Davis*. The law of the case doctrine reflects distinct concerns about relitigating issues based on the same legal and factual backdrop and is, in any event, discretionary. *See Kleinbart v. United States*, 604 A.2d 861, 866 (D.C. 1992) (the law of the case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided and is not a limit to their power") (internal quotation omitted); *Minick v. United States*, 506 A.2d 1115, 1117 (D.C. 1986) ("The doctrine of the law of the case conserves judicial time and resources by discouraging multiple attempts to prevail on a single question"). An order changing a permanency goal may become law of the case, but even under that doctrine, a trial court may reconsider or depart from a prior final ruling if reconsideration is justified because of a material change in the facts or the law. *See In re Baby Boy C.*, 630 A.2d 670, 678 (D.C. 1993) (explaining that a trial court's ruling is generally binding unless it is "clearly erroneous in light of newly presented facts or a change in substantive law") (quoting *Minick*, 506 A.2d at 1117).

The GAL's argument that this court "chose" in *In re Ta.L.* not to retroactively apply its decision is flawed. Nothing in *In re Ta.L.* suggests the en banc court did not intend its holding regarding permanency goal changes to apply to neglect cases still pending in the Superior Court; nor, in light of our "firm rule of retroactivity" under *Davis,* can our silence on this point be read as leaving the issue subject to question. *See Davis*, 772 A.2d at 231-32 ("The Supreme Court did not 'rethink retroactivity' and reject the *Linkletter–Stovall–Chevron* doctrine in favor of a 'firm rule of retroactivity' only to revert back to that doctrine every time it has to decide whether to apply a new rule of law to the parties before it.").[3]

---

[3] In *Linkletter v. Walker*, 381 U.S. 618 (1965), and its progeny—*Stovall v. Denno*, 388 U.S. 293 (1967), and *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971)— the Supreme Court employed a case-by-case balancing test to decide whether a new rule of law applied retroactively.

**Nos. 17-FS-934, 17-FS-935, & 17-FS-1016**

Finally, we reject the argument that S.C. could not immediately appeal the new permanency goal change order. Because this order (1) followed an evidentiary hearing held pursuant to *In re Ta.L.*, (2) approved a change in the permanency goal from reunification to adoption, and (3) superseded any prior order changing the permanency goal, S.C. was entitled to an immediate appeal. *See In re Ta.L.*, 149 A.3d at 1076 ("[A] change in the permanency goal of a neglect case from reunification to adoption is an order subject to immediate appellate review.").

Addressing the GAL's and the District's alternative requests for summary affirmance, it is

FURTHER ORDERED that these requests are denied. *See Oliver T. Carr Mgmt., Inc. v. Nat'l Delicatessen, Inc.*, 397 A.2d 914, 915 (D.C. 1979). It is

FURTHER ORDERED that the GAL and the District shall, within ten days of the date of this order, advise this court if they intend to file their motions as their briefs. Alternatively, the GAL and the District shall, within thirty days of the date of this order, file their briefs.

**PER CURIAM**