*Notice: This order is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## District of Columbia
## Court of Appeals

**No. 14-FS-1310**

F I L E D

OCT 8 2015

DISTRICT OF COLUMBIA
COURT OF APPEALS

IN RE: PETITION OF G.A.P.

      R.S.,
          Appellant,

**2013 ADA 200**

BEFORE:    Blackburne-Rigsby and Beckwith, Associate Judges, and Nebeker,[*] Senior Judge.

## O R D E R

On consideration of the joint motion for summary affirmance filed by G.A.P. and the minor child's guardian *ad litem*, appellant's brief and appendix, and the record on appeal, it is

ORDERED that the motion for summary affirmance is denied. *See Oliver T. Carr Mgmt., Inc. v. Nat'l Delicatessen, Inc.*, 397 A.2d 914, 915 (D.C. 1979). It is

FURTHER ORDERED that the brief of each appellee, or a statement that the party will not be filing a brief, shall be filed within thirty days from the date of this order and the reply brief of appellant, if any, shall be filed no later than fifteen days thereafter. It is

FURTHER ORDERED that this appeal shall be placed on the court's calendar for consideration during the month of January 2016. It is

---

[*] Dissenting opinion by Senior Judge Nebeker at page 2.

FURTHER ORDERED that any requests for extensions of time will be looked upon with disfavor and will be granted only upon a showing of good cause.

## PER CURIAM

*Nebeker, *Senior Judge*, dissenting.  I submit that this Motion falls within the standard for summary disposition set by this Court either for civil cases or criminal cases.  *See Oliver T. Carr Mgmt., Inc. v. Nat'l Delicatessen, Inc.*, 397 A.2d 914 (D.C. 1979); *Watson v. United States*, 73 A.3d 130 (D.C. 2013).  The facts are "clear cut" with written findings, which are unchallenged by the appellant.  The trial court's decision is not clearly erroneous nor without evidentiary support.

Appellate delay in these cases where adoption was granted visits a great cost on the parties and the child, especially in this case where the young child suffered serious injury due to his biological mother's abandonment and drug induced neglect.  Prolonged uncertainty could cause irreversible emotional damage to this child.  That is why this Court must grant "expedited review" of this case.  D.C. Code § 11-721 (g) (2012 Repl.).  Furthermore, in a case like this one where affirmance is virtually guaranteed by a standard as high as beyond a reasonable doubt, we must grant the motion for summary affirmance.  *Cf. Chapman v. California*, 386 U.S. 18 (1967) (holding that before a federal constitutional error can be held harmless the reviewing court must be able to declare a belief that it was harmless beyond a reasonable doubt).  I submit that the reasonable doubt standard is appropriate for summary affirmance where otherwise the established standards for that disposition are met.

Here, the record on appeal is compelling that the biological mother is not fit for custody of this unfortunate child, and thus, affirmance should not be further delayed.  Having waited until appellant's brief has been filed and reviewed to act on the motion as decided by a prior panel, this panel must now look to the likelihood of reversal of the termination of parental rights and adoption decision. The trial court acknowledged the presumption in favor of placing the child with a natural parent and applied the facts of this case to the five factors for determining whether terminating parental rights is in the child's best interest, pursuant to D.C.

Code § 16-2353 (b) (2012 Repl.); *see generally In re J.J.*, 111 A.3d 1038 (D.C. 2015). Appellant first argues that the fact that another child is still in her custody points to cause for reversal. That fact, however, is a separate challenge to the government authorities and does not infect the finding that the child in this case was horribly injured and neglected. Second, appellant challenges the trial court's refusal to permit yet another opinion as to appellant's "psychological health and parenting ability." This discretionary decision does not cause the parental rights termination and adoption decision to be plainly wrong or procedurally deficient. Lastly, the fact that the biological mother, while refusing drug treatment, uses marijuana extensively, as distinguished from the use of other "hard drugs" does not render the judgment of unfitness for custody of this child plainly wrong. Therefore, I would do what surely a third panel must do, and without further delay, grant the motion for summary affirmance.