**District of Columbia**
**Court of Appeals**

FILED

JUN 3 2021

DISTRICT OF COLUMBIA
COURT OF APPEALS

**No. 20-CO-769**

ODELL GRIFFIN,
　　　　　　Appellant,

　　v.　　　　　　　　　　　　　　　　　　　　**2004 FEL 5506**

UNITED STATES,
　　　　　　Appellee.

BEFORE:　　GLICKMAN and DEAHL, *Associate Judges*, and NEBEKER, *Senior Judge*.

**PUBLISHED ORDER**

We publish this order as a companion to *Bailey v. United States*, Nos. 21-CO-26 & 21-CO-27 (D.C. June 3, 2021), also issued today. Like *Bailey*, this is a compassionate release appeal where appellant, Odell Griffin, argues the trial court erred when it gave weight to factors that do not inform the pertinent question of his dangerousness. We outline the issue in more depth in *Bailey*, but this is it in a nutshell: The District's compassionate release statute directs trial courts to modify a prisoner's sentence if they meet certain eligibility criteria and the court determines they are "not a danger to the safety of any other person or the community, pursuant to the factors to be considered in 18 U.S.C. §§ 3142(g) and 3553(a)." D.C. Code § 24-403.04(a) (2021 Supp.). The referenced sections 3142(g) and 3553(a), in turn, include many factors that are relevant to dangerousness, but also some that "clearly have no relevance to present or future dangerousness and therefore cannot be given any weight in a compassionate release decision." *Bailey*, *supra*, at 7. This case illustrates the point.

Griffin is a wheelchair-bound 71-year-old man who suffers from stage IV kidney disease, among other ailments. He has served sixteen years of a forty-five-year sentence for murder and has had a clean disciplinary record during his present stint in prison. The trial court denied his motion for compassionate release after finding he had satisfied the eligibility requirements but had "not proven that he is no longer a danger to society." In denying Griffin's motion for reconsideration of that ruling, the court added the following:

> [A] reduction of Defendant's sentence would not adequately reflect the seriousness of the offense, promote respect for the law, nor provide just punishment. *See* 18 U.S.C. § 3553(a). Defendant has served a total of sixteen years of his forty-five-year sentence in this case. Nothing about Defendant's forty-five-year sentence is inappropriate. . . . [T]he Court finds that the need for the sentence imposed militates against granting release.

Griffin argues the trial court was wrong to treat the "need for the sentence" to "promote respect for the law" and "provide just punishment" as independent reasons—apart from his dangerousness—to deny compassionate release. We agree. "Where a defendant is eligible for early release and found to be non-dangerous," D.C. Code § 24-403.04(a) directs the trial court to order compassionate release and "there is simply no room in the statutory scheme for concerns about general deterrence . . . to trump those determinations." *See Bailey*, *supra*, at 7. The excerpt above evinces a disconnect from the pertinent inquiry into Griffin's dangerousness into concerns about general deterrence, respect for law, and the propriety of the sentence originally imposed. While a trial court "might gauge the appropriateness of the original sentence as a rough benchmark reflecting society's assessment of the prisoner's dangerousness," it must at all times remain "tied to an assessment of the prisoner's present dangerousness." *Id.* at 9, n.9.

We nonetheless grant the government's motion for summary affirmance because the trial court's consideration of irrelevant factors plainly had no effect on its decision. Its primary reason for denying compassionate release was that Griffin had previously appeared to be rehabilitated after serving a prison term for his first murder and, despite that appearance, he then committed a second murder after his release. Two murders separated by more than three decades—one at age eighteen and another at age fifty-one—gave the trial court substantial reason to think Griffin remains a danger to this day, despite his ailments. Reviewing the entire record, the trial court did not abuse its discretion by giving that factor overriding weight and concluding that Griffin had not proven that he is no longer a danger to society. That determination was firmly grounded in factors related to Griffin's dangerousness and the record makes clear that the trial court's dangerousness finding was made independent of its comments about impertinent factors.

For those reasons, it is:

2

No. 20-CO-769

ORDERED that appellant's motion for summary reversal is denied. *See Watson v. United States*, 73 A.3d 130, 131 (D.C. 2013) (citing *Oliver T. Carr Mgmt., Inc. v. Nat'l Delicatessen, Inc.*, 397 A.2d 914, 915 (D.C. 1979)). It is

FURTHER ORDERED that appellee's motion for summary affirmance is granted. *See id.* It is

FURTHER ORDERED and ADJUDGED that the order on appeal is affirmed.

PER CURIAM.

Copies to:

Honorable Michael O'Keefe

Director, Criminal Division

John Albanes, Esquire

Elizabeth Trosman, Esquire
Assistant United States Attorney

cml