IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
June 02, 2023 09:56 AM
ST-2018-CV-00076
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **SANDRA O. JOSEPH-SMITH,** | ) | |
| | ) | **Case No. ST-2018-CV-00076** |
| Plaintiff, | ) | |
| vs. | ) | **ACTION FOR DAMAGES** |
| | ) | |
| **WORLD FRESH MARKET, LLC d/b/a PUEBLO** | ) | **JURY TRIAL DEMANDED** |
| **SUPERMARKET, GLADYS OLAVERRIA SANTO** | ) | |
| **and NOLLY MARITZA d/b/a NOLLY'S BEAUTY** | ) | |
| **SALON & SPA** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| **WORLD FRESH MARKET, LLC d/b/a PUEBLO** | ) | |
| **SUPERMARKET,** | ) | **ACTION FOR** |
| | ) | **CONTRIBUTION and** |
| Third-Party Plaintiff, | ) | **INDEMNIFICATION** |
| vs. | ) | |
| | ) | **BENCH TRIAL DEMANDED** |
| **GLADYS OLAVERRIA SANTO and NOLLY** | ) | |
| **MARITZA d/b/a NOLLY'S BEAUTY SALON & SPA,** | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

### Cite as 2023 VI Super 29U

¶1    **THIS MATTER** is before the Court on Plaintiff Sandra O. Joseph-Smith's ("Joseph-Smith") Motion for Extension of Time to Serve ("Motion for Extension"), filed March 12, 2020,[1] and Defendants Gladys Olaverria Santo ("Santo") and Nolly Maritza ("Maritza") d/b/a Nolly's Beauty Salon & Spa's Motion to Dismiss, filed on December 14, 2021 ("Motion to Dismiss").[2]

---

[1] Defendants Santo and Maritza filed a response on March 30, 2020.

[2] Joseph-Smith filed an Opposition to Motion to Dismiss on January 4, 2022 ("Opposition").

*Joseph-Smith v. World Fresh Market, LLC, et al.*                    Cite as 2023 VI Super 29U
Case No. ST-2018-CV-00076
Memorandum Opinion – Motion for Extension of Time to Serve and Motion to Dismiss
Page 2 of 8

For the reasons set forth herein Joseph-Smith's Motion for Extension of Time to Serve will be granted, and Santo and Maritza's Motion to Dismiss will be denied.

## BACKGROUND

¶2     Joseph-Smith filed a complaint against Defendant World Fresh Market, LLC ("World Fresh"), on February 20, 2018, alleging that on October 28, 2017, while at Nolly's Beauty Salon ("Beauty Salon") the power went out, World Fresh turned on its generator, and the carbon monoxide emissions from World Fresh's generator caused Joseph-Smith to lose consciousness and sustain several injuries.

¶3     On January 10, 2019, World Fresh filed a third-party complaint ("World Fresh's TPC"), against Santo and Maritza, for contribution and indemnity, on the grounds that Santo and Maritza should be held liable for any injuries suffered by Joseph-Smith. On February 7, 2019, Santo and Maritza filed their respective answers to World Fresh's TPC. And on May 20, 2019, Joseph-Smith moved to amend her complaint to add Santo and Maritza as named defendants in this matter ("Second Amended Complaint"). On August 8, 2019, the Court granted Joseph-Smith's motion to amend the complaint and ordered Joseph-Smith to effect service upon Santo and Maritza within the time required under the V l Rules of Civil Procedure ("August 8 Order"). *See* V.I. R. Civ. P. 4(n) (requiring plaintiffs to serve a summons and complaint within 120 days of the filing of the complaint). Joseph-Smith did not effectuate service within 120 days.

¶4     On March 12, 2020, Joseph-Smith filed the subject Motion for Extension and as basis for her argument, Joseph-Smith attributed her delay in serving Santo and Maritza to a lack of

*Joseph-Smith v. World Fresh Market, LLC, et al.*          Cite as 2023 VI Super 29U
Case No. ST-2018-CV-00076
Memorandum Opinion – Motion for Extension of Time to Serve and Motion to Dismiss
Page 3 of 8

specificity in the August 8 Order,[3] as well as her counsel's failure to submit summonses to the Clerk of Court. On March 30, 2020, Santo and Maritza filed a Response to Motion for Extension, contending that Joseph-Smith had not timely served them. Nonetheless, the Court overlooked the Motion for Extension, and it remains pending.[4]

¶5    The matter was stagnant from March 2020 to October 2021.[5] Then, on October 25, 2021, Joseph-Smith obtained summonses for Santo and Maritza from the Court. On November 4, 2021, Joseph-Smith effected service of the Second Amended Complaint on Santo and Maritza. On December 14, 2021, Santo and Maritza filed the Motion to Dismiss, arguing the Second Amended Complaint should be dismissed for insufficient service of process because Joseph-Smith did not serve them within Rule 4's 120-day requirement.

## DISCUSSION

¶6    In both their Response to the Motion for Extension and Motion to Dismiss, Santo and Maritza contend there is no good cause nor excusable neglect to justify Joseph-Smith's failure to timely serve them. Specifically, Santo and Maritza argue that there were no attempts to serve them within the time permitted by law, and that Joseph-Smith failed to request summonses from the Clerk of the Court. Santo and Maritza state that the failure to timely serve is nothing other than Joseph-Smith's carelessness and inaction. Santo and Maritza also oppose the untimely service on

---

[3] Specifically, Joseph-Smith argued the August 8 Order only contained the original caption, rather than the double caption recognizing the third-party complaint, and the Order did not specifically identify by name the new defendants to be served.

[4] The Motion for Extension of Time to Serve did not request a specific extension period or new deadline, although the proposed order provided for Plaintiff to effect service thirty days from the date of issuance of the summons.

[5] This inaction was due in large part to the global Covid-19 pandemic, during which the Supreme Court of the Virgin Islands issued multiple administrative orders restricting certain court functions, tolling certain time limits, and otherwise limiting and amending the Superior Court's procedures.

*Joseph-Smith v. World Fresh Market, LLC, et al.*                                    Cite as 2023 VI Super 29U
Case No. ST-2018-CV-00076
Memorandum Opinion – Motion for Extension of Time to Serve and Motion to Dismiss
Page 4 of 8

the grounds that they would be prejudiced since the events that gave rise to this matter took place on October 28, 2017, and the statute of limitations has run.

¶7    In opposition, Joseph-Smith acknowledges the failure to serve within 120 days as well as the failure of her legal counsel's clerical staff to submit summons to the Court. But Joseph-Smith nevertheless argues the Court should still find good cause because the Court did not specifically identify Santo and Maritza in the August 8 Order. Further, Joseph-Smith argues Santo and Maritza will not be prejudiced by untimely service. because World Fresh's TPC "fully sets forth the factual basis of the Plaintiff's claims against [Santo and Maritza] and, therefore, [Santo and Maritza] timely had notice of" Joseph-Smith's claims.

*Legal Standard*

¶8    A matter cannot be dismissed for insufficient service of process nor should a motion for extension of time to serve be denied before the Court first considers whether there is good cause or other discretionary factors that may warrant an extension. *Siwell, Inc. v. Bough*, 2022 VI Super 32, ¶13; *McKenzie v. Hess Oil Virgin Islands Corporation*, 2019 VI Super 31 ¶13; *Ross v. Hodge*, 58 V.I. 292, 310-11 (V.I. 2013); *Beachside Associates, LLC v. Fishman*, 53 V.I. 700 (V.I. 2010). In both instances, the plaintiff has the burden of demonstrating good cause. *McKenzie*, ¶8 (quoting *Beachside*, 53 V.I. at 713). But correcting service that is insufficient is generally allowed so long as it is not futile. *See Daley-Jeffers v. Graham*, 69 V.I. 931, 941 (V.I. 2018).

¶9    On the one hand, service of process is governed by Rule 4 of the Virgin Islands Rules of Civil Procedure, which requires the service of a summons and complaint within 120 days after a complaint is filed; a plaintiff that fails to serve within that time must show good cause for the failure. V.I. R. Civ. P. 4(n). On the other hand, motions for extension of time are governed by Rule

*Joseph-Smith v. World Fresh Market, LLC, et al.*                    Cite as 2023 VI Super 29U
Case No. ST-2018-CV-00076
Memorandum Opinion – Motion for Extension of Time to Serve and Motion to Dismiss
Page 5 of 8

6, which states that the Court may "upon a showing of good cause or excusable neglect, extend" the timeframe for doing an act. V.I. R. Civ. P. 6(b)(1).[6]

¶10     Notably, case law in the Virgin Islands has equated the concepts good cause, under Rule 4(n), and excusable neglect, under Rule 6(b)(1), as synonymous. *See Fuller v. Browne*, 59 V.I. 948, 954 (V.I. 2013); *Beachside*, 53 V.I. at 713 (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). To find good cause, courts consider: (1) the reasonableness of plaintiff's efforts to serve; (2) plaintiff's undertaking to seek an extension to serve prior to the passing of Rule 4(n)'s 120-day requirement; and (3) whether defendants would be prejudiced by untimely service. *McKenzie*, ¶8; *Siwell*, ¶13. Nevertheless, even if no good cause is established, the Court still has the discretion to consider other factors to determine whether to allow untimely service in the interest of justice. *McKenzie*, ¶¶13, 20; *Siwell*, ¶7; *Charles v. Woodley*, 47 V.I. 202, 214 (V.I. Super. Ct. 2005).[7]

*Analysis*

¶11     Santo and Maritza challenge the sufficiency of service of process and move to dismiss the matter because they were served more than 120 days after Joseph-Smith's Second Amended Complaint was approved and deemed filed. Despite the late service, Joseph-Smith argues there is

---

[6] Indeed, the Court "may consider whether the request to extend time is made before or after the required date; the reason for the movant's delay; whether the reason for delay was within the reasonable control of the movant; the danger of prejudice to the parties; the length of the delay; the potential impact of the delay on judicial proceedings; [and] whether the party seeking the extension has acted in good faith . . . ." V.I. R. Civ. P. 6(b)(1).

[7] In *Charles*, the Court concluded that "[w]hile the Court finds Plaintiff's lack of diligence in serving the defendant troublesome, it hesitates to deny a potentially meritorious claimant his day in court without providing him the opportunity to perfect service, particularly where it is likely that Defendant has actual notice of the claim being asserted against him." *Charles v. Woodley*, 47 V.I. at 214.

*Joseph-Smith v. World Fresh Market, LLC, et al.*                           Cite as 2023 VI Super 29U
Case No. ST-2018-CV-00076
Memorandum Opinion – Motion for Extension of Time to Serve and Motion to Dismiss
Page 6 of 8

good cause to accept untimely service because Santo and Maritza had notice of her claims since January 2019, through World Fresh's TPC against them.

**I.** **Joseph-Smith has not demonstrated good cause because no efforts were made to either serve or seek an extension to serve Santo and Maritza before the end of the 120-day period.**

¶12  The Motion for Extension was filed after the deadline for service set by the August 8 Order. The reasons for Joseph-Smith's delay are that the Court did not specifically identify the new defendants, Santo and Maritza, in the case caption, and that her counsel's clerical staff failed to submit summonses to the Clerk of the Court to be issued for service. Not having procured any summons to serve Santo and Maritza, Joseph-Smith did not serve Santo and Maritza within the 120-day requirement. And Joseph-Smith did not seek an extension on the time to serve until after 120 days had lapsed. Moreover, Santo and Maritza, besides arguing the statute of limitations has passed, have not otherwise explained how the untimely service prejudiced them.

¶13  Nonetheless, given that on "the 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place", *Beachside*, 53 V.I. at 713, the Court finds that Joseph-Smith has not demonstrated good cause for failing to effect timely service. *McKenzie*, ¶12 (finding there was no good cause to consider when plaintiff "failed to file a motion for an extension of time to serve before the 120 days ran out").

**II.** **The totality of circumstances surrounding this matter warrants a discretionary extension in the interest of justice.**

¶14  Santo and Maritza were served with World Fresh's TPC, and they filed their answers on February 7, 2019. Thus, as early as February 7, 2019, Santo and Maritza were on legal notice of World Fresh's main allegation that Santo and Maritza are the parties liable for Joseph-Smith's

*Joseph-Smith v. World Fresh Market, LLC, et al.*
Case No. ST-2018-CV-00076
Memorandum Opinion – Motion for Extension of Time to Serve and Motion to Dismiss
Page 7 of 8

Cite as 2023 VI Super 29U

injuries. Although Joseph-Smith's claims against Santo and Maritza were approved by the Court on August 8, 2019; at the very latest Santo and Maritza were made aware of Joseph-Smith's claims through the Motion for Extension filed on March 12, 2020.[8] Consequently, it can be inferred that Santo and Maritza had sufficient implied notice of Joseph-Smith's allegations against them by the time Joseph-Smith sought an extension of time to serve.[9]

¶15    Moreover, a day after Joseph-Smith's Motion for Extension was filed, the Court's operations were hindered because of the Covid-19 pandemic, and motions for extension of time were to be liberally granted.[10] Notably, the record shows Joseph-Smith filed her Motion for Extension with a pair of summonses for Santo and Maritza. But that filing coincided with the start of the Covid-19 pandemic, and the Court failed to issue the summonses for service, and those summonses, filed on March 12, 2020, are still in the Court file.

¶16    Therefore, because the Covid-19 pandemic and the inattention of the Court to the March 12, 2020 motion contributed to the delays, the Court finds that a discretionary extension on the time to serve is warranted in the interest of justice. In addition, it is not futile to allow the untimely service of Santo and Maritza. *See Daley-Jeffers v. Graham*, 69 V.I. 931, 941 (V.I. 2018).

## CONCLUSION

¶17    The Court finds that a discretionary extension of time is justified. Therefore, the Court will grant Joseph-Smith's Motion for Extension and deny Santo and Maritza's Motion to Dismiss for

---

[8] The Second Amended Complaint was attached to the Motion for Extension as an exhibit. And Santo and Maritza filed a response to the Motion.

[9] Implied notice has been defined as "[n]otice that is inferred from facts that a person had a means of knowing and that is thus imputed to that person; actual notice of facts or circumstances that, if properly followed up, would have led to a knowledge of the particular fact in question." *Implied notice*, Black's Law Dictionary (11th ed. 2019).

[10] *See supra* note 5.

*Joseph-Smith v. World Fresh Market, LLC, et al.*     Cite as 2023 VI Super 29U
Case No. ST-2018-CV-00076
Memorandum Opinion – Motion for Extension of Time to Serve and Motion to Dismiss
Page 8 of 8

Insufficient Service of Process. In the interest of judicial economy, the Court will deem Joseph-Smith's November 4, 2021 service of process on Maritza and Santo as sufficient. An order consistent with this opinion will immediately follow.

DATED: June ___2___, 2023

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
    *for* **LATOYA CAMACHO**
    Court Clerk Supervisor __06__/__05__/__23__