Donald JACKSON, Petitioner,

v.

DISTRICT OF COLUMBIA BOARD OF ELECTIONS AND ETHICS, Respondent.

No. 00–AA–1500.

District of Columbia Court of Appeals.

April 12, 2001.

Donald Jackson, pro se.

Kenneth J. McGhie on the motion of respondent to dismiss.

Before RUIZ and GLICKMAN, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

On November 20, 2000, respondent, the District of Columbia Board of Elections and Ethics ("the Board"), certified the results of the November 7th general election, including the winners of seats on certain Advisory Neighborhood Commission Single–Member Districts ("ANC"). On November 27th this certification was timely challenged pursuant to D.C.Code § 1–1315(b) (1999), by the *pro se* petitioner, Donald Jackson. The basis of the challenge was vague and the petition read simply: "violation of the election process." On December 4th, the Board filed a motion for summary affirmance. Petitioner did not file an opposition. By an order issued December 22, 2000, we construed the Board's motion for summary affirmance as a motion to dismiss, granted that request, and dismissed this appeal. We write now to explain our reasons for that construction and to identify the minimum requirements a petition for review brought under § 1–1315(b) must meet.

## I.

As noted, the Board responded to the petition in this case by seeking summary affirmance of its November 20th electoral certification. To obtain summary relief, a movant must show that the legal basis of the decision on review is narrow and clear-cut, and must demonstrate that the facts of the case are uncomplicated and undisputed. *See Oliver T. Carr Mgm't, Inc. v. National Delicatessen, Inc.*, 397 A.2d 914, 915 (D.C.1979). This standard was given scant attention in the Board's motion which argued, first, that petitioner lacked standing because as a candidate for one ANC seat he could not have voted in the election for the other ANC seat which he was challenging. Since no authority was offered to support that proposition its legal basis is unclear. The Board's second assertion, that petitioner had not alleged wrongs sufficient to invoke our statutory jurisdiction, was similarly unfounded. Section 1–1315(b) permits us to either set aside an election and declare the true results or void an election because of fraud, mistake, violation of spending laws, or other defects "serious enough to vitiate the election as a fair expression of the will of the [voters]." While the petition did not specifically identify any of these statutory grounds, it did have a letter attached which petitioner wrote to the Board on November 16, 2000. The letter asserted that petitioner had witnessed someone at a "voter registration desk" urging voters to

elect a specific candidate; or, as the Board phrased it, engaging in improper "electioneering" in violation of 3 DCMR §§ 708.4, 708.8 (1998). We have never addressed whether "electioneering" might, under some circumstances, be serious enough to require this court to set aside or void an election, and we refrain from doing so here. By focusing on the failings of the petition as an initial pleading, the Board's motion was akin to a motion to dismiss for failure to state a claim, *see* Super.Ct.Civ.R. 12(b)(6), and we construed it as such. *See Fleming v. District of Columbia,* 633 A.2d 846, 848 (D.C.1993)(motion is not determined by its label or caption); *accord, Allstate Ins. Co. v. Robinson,* 645 A.2d 591, 593 (D.C.1994).

## II.

Section 1–1315(b) permits a voter in a given election to petition this court for review within seven days of the Board's certification of the election results. On review we may set aside the results, declare the true results, or void the election in whole or in part. *See* § 1–1315(b). The provision is unusual because it effectively allows a "complaint," an initial pleading, to be filed in this court without identifying any requirements for that initial pleading.

▪ Normally, petitions which seek our review of an agency action must contain "[a] concise statement of the nature of the proceedings as to which review is sought and the grounds on which the petitioner relies and concerning which error is alleged[.]" D.C.App.R. 15(c). In its concern for clear and adequate notice, our rule is the same as every other significant provision which governs initial pleadings in this jurisdiction. *See, e.g.,* Super.Ct.Civ.R. 8(a)(civil complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief); Super.Ct.Crim.R. 7(c)(criminal indictment or information shall be a plain, concise and

definite written statement of the essential facts constituting the offense charged); D.C.App.R. 21 (petition for writ of mandamus must contain a statement of facts necessary to an understanding of the issues presented); D.C.Code § 16–1901 (1997)(petition for writ of *habeas corpus* must set forth a *prima facie* case). Because this same clarity and specificity are particularly important when we are asked to take the extraordinary step of intervening in the electoral process, we cannot create an exception from the usual notice pleading requirements. We hold that a petition brought pursuant to § 1–1315(b) must contain a concise statement of claims and must identify facts showing an entitlement to relief. "In order to obtain relief, the petitioners' burden is not only to show defects or irregularities in the election; petitioners must prove also that the flawed election led to a result that is not 'true[.]' " *Scolaro v. District of Columbia Bd. of Elections & Ethics,* 717 A.2d 891, 893 (D.C.1998). If that is what must be proven to obtain relief, then that is what must be well-pled.

▪ The petition in this case failed to meet that standard. The complete statement of error read: "violation of the election process." There was no concise statement of claims and only by examining the attached letter which petitioner wrote to the Board, did the outlines of an alleged violation appear. In his letter, petitioner stated that at 7:15 p.m. on November 2, 2000, "Mr. Robert Yodell was working at the voter registration desk and remmending [sic] those voters elect a specific individual."

The Board's regulations prohibit any political activity which may directly or indirectly interfere with the orderly conduct of the election from taking place "in, on, or within a reasonable distance outside the building being used as a polling or vote counting place." 3 DCMR § 708.4 (1998).

"Political activity" includes activity intended to persuade a person to vote for a candidate. *See id.* at § 708.8. If a worker at a polling place was urging voters to elect a specific candidate, that might constitute impermissible electioneering in violation of § 708.4. But it is not clear from the facts alleged in his letter that this is actually what petitioner claims occurred. Petitioner's letter stated the activity occurred on November 2nd, five days before any polling place was open. While stating that it occurred at a "voter registration desk" the letter also failed to otherwise identify the locale. To find a claim of electioneering we would have had to presume the date was in error and the activity occurred at a polling or vote counting place. This would have gone beyond a generous reading of the petition to our rewriting of the pleading.

For the foregoing reasons we construed respondent's motion for summary affirmance as a motion to dismiss and dismissed the petition for failure to state a claim.

*So ordered.*