# District of Columbia
# Court of Appeals



FILED

DEC 26 2024

DISTRICT OF COLUMBIA
COURT OF APPEALS

**No. 24-AA-1124**

DENNIS SOBIN,
                Petitioner,

V.
                                                          **ANC-2A09**

D.C. BOARD OF ELECTIONS,
                Respondent.

BEFORE:    McLeese and Deahl, Associate Judges, and Thompson, Senior Judge.

## J U D G M E N T
(FILED-December 26, 2024)

In this matter, Petitioner Dennis Sobin challenges the decision of the Board of Elections (BOE) to declare no winner for Advisory Neighborhood Commission Single Member District (SMD) 2A09, after determining that the individual receiving the most write-in votes was not eligible. Sobin contends that, because he was the only SMD 2A09 vote recipient to file an affirmation for candidacy post-election, he was the only "candidate" for that seat and thus the winner as he was the "candidate . . . receiving the highest number of votes" per D.C. Code § 1-309.07. BOE moves for summary affirmance, arguing that Sobin was not the only write-in candidate and that under the "American Rule," a runner-up cannot be declared the winner if the top vote-getter is ineligible. Sobin also submitted a newspaper article to support his argument and BOE has filed a motion strike the newspaper article. For the reasons that follow, we grant the motion to strike the newspaper article, treat BOE's motion for summary affirmance as its brief, and decline to set aside the Board's certified results.

We grant the motion to strike the newspaper article because "[o]ur review . . . is limited to the evidence in the administrative record before the agency." *Yazam, Inc., v. D.C. Dep't of For-Hire Vehicles*, 310 A.3d 616, 628 (D.C. 2024) (internal quotation marks omitted).

Our review of election certification is limited and we can "set aside" the Board's certified election results and "void the election in whole or in part" only if

we determine "that there was any act or omission, including fraud, misconduct, or mistake serious enough to vitiate the election as a fair expression of the will of the registered qualified electors voting in the election." D.C. Code § 1-1001.11(b)(2); *see also Jackson v. D.C. Bd. of Elections & Ethics*, 770 A.2d 79, 81 (D.C. 2001) ("In order to obtain relief, the petitioners' burden is not only to show defects or irregularities in the election; petitioners must prove also that the flawed election led to a result that is not true.") (brackets and internal quotation marks omitted). Sobin argues that he was the only candidate in this election because he was the sole write-in vote recipient to file a post-election declaration of candidacy. We are unpersuaded. The relevant statute, D.C. Code § 1-309.07, states that the "candidate in each [SMD] receiving the highest number of votes cast in such election shall be declared the winner," but does not define candidate or limit the definition to one who files the requisite affirmation. In *Bates v. D.C. Bd. of Elections & Ethics*, 625 A.2d 891 (D.C. 1993), this court explained that under the "American rule," the person who receives the most votes but is deemed ineligible is viewed as a candidate whose votes must be counted in determining the election results, and that a runner-up finisher cannot be declared the winner in the event the winner is disqualified. *See id.* at 895 ("[V]otes cast for a deceased, disqualified, or ineligible person are not to be treated as void or thrown away, but are to be counted in determining the result of the election as regards to other candidates. . . . The result of its application in such cases is to render the election nugatory, and to prevent the election of the person receiving the next highest number of votes.") (internal quotation marks omitted). Thus, *Bates* explained that D.C. Code § 1-258 (1992 Repl.)—now codified as D.C. 1-309.07—"cannot be read to permit the Board to certify as a winner a candidate who did not receive the greatest number of votes in an election." *Id.* Although *Bates* concerned two candidates whose names were printed on the ballot, we discern no reason to depart from the American rule in the write-in context. We acknowledge that 3 D.C.M.R. § 600 *et seq.* is somewhat confusingly worded and includes terms not mentioned in the relevant statutes. *Compare* 3 D.C.M.R. § 600.2 (referring to a "write-in candidate" and a "write-in nominee") *with* D.C. Code § 1-1001.08(r) (referring only to a "write-in candidate" and stating that such a "write-in candidate . . .shall declare the candidate's candidacy" in order "[t]o be eligible" for election to the office for "which the candidate was a candidate," without mentioning the term "nominee"). *But see* 3 D.C.M.R. § 600.2 (stating that the terms used have a specified meaning "[f]or purposes of this chapter" of the regulations). Nonetheless, the relevant regulations concerning write-in votes clearly indicate an intent to follow the American rule in the write-in context. *See* 3 D.C.M.R. § 602.10 ("If a write-in winner is declared ineligible after the election, no winner shall be

declared."); *see also* 3 D.C.M.R. § 602.6 ("No eligibility determination shall be made for affirmants who are not apparent winners.").

Accordingly, it is:

ORDERED that the motion to strike is granted and the newspaper article shall be stricken from the petition.  It is

FURTHER ORDERED that the motion for summary affirmance is denied. *Jackson*, 770 A.2d at 80 ("To obtain summary relief, a movant must show that the legal basis of the decision on review is narrow and clear-cut, and must demonstrate that the facts of the case are uncomplicated and undisputed.").  It is

FURTHER ORDERED that BOE's alternative request is granted and the Clerk shall file the motion for summary affirmance as BOE's brief.  It is

FURTHER ORDERED and ADJUDGED that the result of the SMD 2A09 election is affirmed.

**PER CURIAM**

Copy mailed and emailed to:

Dennis Sobin
725 24 Street NW
#613
Washington DC 20037
dennissobin@yahoo.com

Copies e-served to:

Terri D. Stroud, Esquire
Christine Pembroke, Esquire

cml