# District of Columbia Court of Appeals
No. 24-AA-1125



ADAH NORDAN,

        Petitioner,

v.

                                    **ANC 3E07,** *et al.*

D.C. BOARD OF ELECTIONS,

        Respondent.

BEFORE:   McLeese[*] and Deahl, Associate Judges, and Thompson, Senior Judge.

## JUDGMENT
(FILED- December 27, 2024)

In this matter, Petitioner Adah Nordan challenges the decision of the Board of Elections (BOE) to declare no winner for Advisory Neighborhood Commission Single Member District (SMD) 3E07, after determining that the individual receiving the most write-in votes in SMD 3E07 was not eligible. In response to Nordan's petition, BOE filed a motion for an order declaring vacancies in both SMD 3E07 and SMD 3E08, explaining that it appeared some number of voters living in SMD 3E07 were given an SMD 3E08 ballot. Nordan thereafter filed a "supplemental motion and request for reconsideration" and a "motion for clarification and supplementation," which we construe as a response and supplemental response to BOE's motion. Nordan has also filed an unopposed motion to supplement the record with documents received in response to a Freedom of Information Act (FOIA) request. For the reasons that follow we grant Nordan's motion to supplement the record, but deny BOE's motion and decline to set aside the Board's certified results in either SMD 3E07 or SMD 3E08.

Our review of election certification is limited and we can "set aside" BOE's certified election results and "void the election in whole or in part" only if we determine "that there was any act or omission, including fraud, misconduct, or mistake serious enough to vitiate the election as a fair expression of the will of the registered qualified electors voting in the election." D.C. Code § 1-1001.11(b)(2); *see also Jackson v. D.C. Bd. of Elections & Ethics*, 770 A.2d 79, 81 (D.C. 2001) ("In

---

[*] Separate statement by Associate Judge McLeese, concurring in the judgment in part and dissenting in part, at page 4.

order to obtain relief, the petitioners' burden is not only to show defects or irregularities in the election; petitioners must prove also that the flawed election led to a result that is not true.") (brackets and internal quotation marks omitted).

Nordan makes two arguments to support her request. Her first argument, that she should be declared the winner although she was not the top write-in vote recipient because she was the only one to file a post-election declaration of candidacy, was rejected in *Sobin v. D.C. Bd. of Elections*, No. 24-AA-1124, Judgment at 2 (D.C. Dec. 26, 2024). Nordan's second argument, that the eight write-in votes cast for her in the SMD 3E08 election should be reallocated and counted in the SMD 3E07 election, thereby making her the candidate with the most votes in that election, is rejected because she has failed to prove that any of these write-in votes were cast by voters who reside in SMD 3E07 and that they were given incorrect ballots. Moreover, Nordan has identified no authority that would allow this court to reallocate a ballot cast in one SMD where the voter is actually registered in another SMD. Under such circumstances, BOE's certified result declaring "no winner" in SMD 3E07 is the "true" and appropriate result of the SMD 3E07 election.

We also reject BOE's request that we declare the election results in both SMD 3E07 and SMD 3E08 void and create a vacancy in each SMD. As noted above, we decline to reverse BOE's declaration of no winner in SMD 3E07, which triggers the statutory and regulatory procedures for filling an SMD vacancy. *See* D.C. Code § 1-309.06(d); 3 D.C.M.R. § 1300, *et seq.* In its motion to declare vacancies in both SMDs, BOE acknowledges these SMDs cover parts of the campus of American University, which has a single campus-wide mailing address; a physical campus address includes the mailing address and a dormitory building and room number; a physical address is necessary to properly assign a voter to an SMD; 247 voter registration records contain only the campus-wide mailing address and not the physical address; and many of those 247 voters were registered as SMD 3E08 voters. BOE concedes that it is possible voters actually residing in SMD 3E07 were registered and voted in SMD 3E08, and vice versa. However, BOE also acknowledges that it cannot ascertain the extent to which, if at all, this actually occurred, or whether it affected the outcome of either election.

In the SMD 3E08 election, thirty-three write-in votes were cast, including sixteen for Elizabeth Graff, eight for Nordan, and one or two each for other candidates. After Graff filed an affirmation of candidacy, BOE certified her as the winner. While we do not doubt that the precise voting tally could be impacted by

the above-noted irregularities, we decline to void the certified result that Graff was the winner in view of her large margin of victory and the absence of an allegation that the irregularities would have fully negated such a margin. *See* D.C. Code § 1-1001.11(b)(2)(B) (providing that this court may void an election result where there is a mistake "serious enough to vitiate the election as a fair expression of the will of the registered qualified electors voting in the election").

In conclusion, we decline BOE's request to invalidate its certification of the SMD 3E08 election result and Graff shall be sworn in on January 2, 2025. We also decline to invalidate the certified result in the SMD 3E07 election that there was no winner, which will result in the SMD vacancy being filled pursuant to D.C. Code § 1-309.06(d)(2) and (3); D.C.M.R. § 1300, *et seq*. However, we expect BOE to expeditiously review the voter registration information for both SMDs 3E07 and 3E08, undertake actions to obtain the complete physical address including dormitory building for voters with incomplete information, and assign voters to the correct SMD. This review and correction should occur prior to BOE publishing a notice of the vacancy for SMD 3E07 in the District of Columbia Register. *See* D.C. Code § 1-309.06(d)(2).

Accordingly, it is:

ORDERED that Nordan's motion to supplement the record is granted and the documents attached thereto are filed as a supplemental record. It is

FURTHER ORDERED that BOE's motion for order declaring vacancies in SMD 3E07 and SMD 3E08 is denied. It is

FURTHER ORDERED and ADJUDGED that the result of the SMD 3E07 election is affirmed.

**PER CURIAM**

Separate statement by Associate Judge McLeese, concurring in the judgment in part and dissenting in part:

I agree that the court should affirm BOE's determination that there was no winner in SMD 3E07. I respectfully dissent from the judgment denying the parties' request for relief with respect to SMD 3E08. I agree that BOE has not at this point proven that the outcome of the election in SMD 3E08 was changed because of the concern about incorrect registration that BOE has identified. I do not believe, however, that BOE's concerns are so clearly without merit that this court should in effect dismiss BOE's concerns for failure to state a claim. *Cf. Jackson v. D.C. Bd. of Elections & Ethics*, 770 A.2d 79, 81 (D.C. 2001) (per curiam) (construing request that this court summarily affirm in an election challenge as a "motion to dismiss for failure to state a claim"). Rather, I would sua sponte refer this matter to the Superior Court for factual development and if necessary a factual determination. *See generally Scolaro v. D.C. Bd. of Elections & Ethics*, 691 A.2d 77, 90-91 (D.C. 1997) (referring election matter to Superior Court for evidentiary hearing and fact-finding).

Copy mailed and emailed to:

Adah Nordan
Constitution 221
4400 Massachusetts Avenue, NW
Washington, DC 20016
nordanadah@gmail.com

Copy emailed to:

Elizabeth Graff
eg8746a@american.edu

Copies e-served to:

Terri D. Stroud, Esquire
Christine Pembroke, Esquire

cml